# Southern Railway Company *v.* Williams, Admr.

*Action for Personal Injuries Resulting in Death.*

1. *Railroads; actionable negligence.*—Actionable negligence has been correctly stated as follows: "Actionable negligence is the failure to discharge a legal duty to the person injured. If there is no duty, there is no negligence. Even if the defendant owes a duty to someone else, but does not owe it to the person injured, no action will lie. The duty must be due to the person injured."

2. *Same; railroad crossings; duty of railroads; to what class of persons not limited.*—The protection given to persons and property, at railroad crossings, is not limited to trains using said crossing nor to the passengers and employees thereon.

3. *Same; same.*—Where there is a failure to comply with the statutory requirements imposed on a railroad company at a railroad crossing, the law imputes negligence and imposes on the company liability for all damages to persons or property, resulting from such failure, although no negligence toward the plaintiff personally be shown.

4. *Pleading; general charge; when error without injury.*—Where the damages sought to be recovered are the same under each of several counts of a complaint, the giving of the general charge for the plaintiff, on each count, is error without injury, if rightfully given as to either of them, though wrongfully given as to the others.

APPEAL from the City Court of Birmingham.
Tried before the Hon. WILLIAM W. WILKERSON. ·
The facts sufficiently appear in the opinion.

JAMES WEATHERLY, for the appellant.—No brief came into hands of the reporter.

BOWMAN, HARSH & BEDDOW, *contra,* cited:—*A. G. S. R. R. Co. v. Chapman,* 80 Ala. 615, same case, 83 Ala. 454; *R. R. Co. v. Moorehead,* 57 S. W. Rep. 860; *R. R. Co. v. Gray,* 65 Tex. 32; *Wakefield v. R. R. Co.,* 37 Vt. 330; 21 Am. & Eng. Ency. of Law (2nd Ed.), p. 471, § 3.

DOWDELL, J.—The appellee, Allen Williams, as administrator, sued the Southern Railway Company to recover damages for the alleged negligent killing of plaintiff's intestate, one Sam Williams. The complaint contained five counts, the first four being predicated upon simple negligence, and the fifth upon intentional wrong. With this last count we have nothing to do, since no questions are raised on it. In each of the first four counts it is averred that the injury complained of occurred at the crossing of the defendant's railroad tracks with the tracks of another and different railroad. In the first and third counts the alleged negligence is averred as follows; * * * "And negligently crossed or allowed said train to run into or against a train upon the track of said other railroad at said crossing, so that said trains were derailed," etc .,whereby as a proximate consequence, etc., plaintiff's intestate, etc., was killed.

[Southern Railway Company v. Williams, Admr.]

In the second and fourth counts the alleged negligence is stated as follows;  *  *  *  "And the defendant negligently failed to cause said train to come to a full stop within one hundred feet of said crossing, or negligently caused or allowed said train to proceed before the way was clear, and as a proximate consequence thereof, said train collided with another train upon said crossing," etc., whereby as a proximate consequence, etc., the plaintiff's intestate was killed. In the first and second counts it is averred, that, at the time of the alleged negligent act of the defendant causing the injury complained of, the plaintiff's intestate, "Was near by, but not upon the railroad upon which defendant was operating said train as aforesaid, etc. In the third count it is averred that the said injury was inflicted, "While he (plaintiff's intestate) was in the act of crossing, or about to cross the said railroad upon which defendant was operating said train as aforesaid;" while in the fourth count the averment is, "While he (plaintiff's intestate) was engaged in or about crossing the railroad upon which the defendant was operating said train as aforesaid."

To the several counts of the complaint demurrers were interposed by the defendant, and the same were overruled by the court. Thereupon the defendant filed pleas numbered from one to eight, inclusive. Demurrers were sustained to the fourth, sixth, seventh and eighth. A trial was then had upon issue joined upon the other pleas, resulting in a verdict and judgment in favor of the plaintiff. Upon the conclusion of the evidence, the same being without conflict, the trial court at the request of the plaintiff in writing gave the jury the general charge with hypothesis to find for the plaintiff, and refused a like charge requested by the defendant in its favor, also, the general charge as to each of the counts separately, except as to the fifth count, and as to which the general charge was given in favor of the defendant. Other charges were refused to the defendant, but they do not call for our consideration, not being insisted on in argument.

As but one question is insisted on in argument by counsel for appellant, we need not consider the rulings

of the court on the demurrers to the complaint and the pleas separately. The one question insisted on was sought to be raised by the demurrers, and on charges requested to the jury.

The facts as shown by the undisputed evidence were as follows: the defendant operated a railroad which intersected or crossed the Louisville & Nashville Railroad, the latter road running north and south, and the former east and west. Plaintiff's intestate was walking along a path on the east side of, and parallel with, and close to the track of the Louisville & Nashville Railroad, and going north to his place of business at the Birmingham Fertilizer Works, which were located near the Louisville & Nashville Railroad, north of the crossing of the two railroads. When plaintiff's intestate approached the crossing, a freight train of the Louisville & Nashville going north was making the crossing, and continuing his journey along the path passed over the track of the defendant company, and according to the varying estimates of witnesses had gone anywhere from fifteen to fifty feet beyond defendant's track, when a train on defendant's road going from west to east ran into the Louisville & Nashville train, cutting the same in two parts, demolishing one of the cars, and derailing and turning over another, which latter fell upon and killed said intestate. The defendant's train made no stop for the crossing as required by the statute, but proceeded in violation of the same, though it is not pretended that defendant's servants in the management of said train had any knowledge of said intestate's proximity to said crossing. With this statement of the facts, we proceed to a consideration of the question presented and argued by counsel.

Counsel for appellant, in his brief, thus states the question involved: "The real point at issue between plaintiff and defendant was, and is, whether or not the failure to comply with the statute, § 3441 of the Code, under the circumstances of this case, was such a negligent failure of duty towards plaintiff's intestate, as to constitute a legal cause of action in the plaintiff." Pretermitting consideration of any common law duty, which, under the circumstances of this case, may have

rested on the defendant independent of the statutory duty, since perhaps, there may be no distinction in principle between a duty imposed by statute and one imposed by the common law, as to the violation of either constituting an act of negligence, we will consider the question as presented by counsel.

Section 3441 of the Code reads as follows: "When the tracks of two railroads cross each other, engineers and conductors must cause the trains of which they are in charge to come to a full stop within one hundred feet of such crossing, and not proceed until they know the way to be clear; the train on the railroad having the older right of way being entitled to cross first." Section 3443 is as follows; "A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad at any one of the places specified in the three preceding sections, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."

Sections 3440, 3441 and 3442 are the three sections referred to in section 3443. Section 3440 relates to the duties of engineers at public road crossings and other public localities. Section 3441 is set out above and relates to the duties of conductors and engineers at the crossings of the railroads. Section 3442 requires the erection of sign boards at certain localities.

The contention of the defendant, appellant here, is, "That section 3441 was intended for the protection of trains in the use of railroad crossings, and of passengers, employes and other persons rightfully on such trains, and to confer a remedy on these classes of persons." And the further contention is that the plaintiff's intestate did not come within any class intended to be protected, and the defendant, therefore, owed him no duty in the observance of the law as to the crossing, and con

sequently its violation constituted no act of negligence as to him.

It may be conceded that the doctrine as to actionable negligence is correctly stated in *Akers v. Chicago St. P. M. & O. R. Co.,* 58 Minn. 544, and which was quoted approvingly in *O'Leary v. Brooks Elevator Co.,* 41 L. R. A. 677, and which was as follows: "Actionable negligence is the failure to discharge a legal duty to the person injured. If there is no duty there is no negligence. Even if the defendant owes a duty to some one else, but does not owe it to the person injured, no action will lie. The duty must be due to the person injured." In applying this doctrine to the cause before us, the vice of the argument consists in assuming that there was no duty owing from the defendant to the plaintiff's intestate. Another fault in argument of counsel for appellant, we think, lies in the statement of his premises, deduced from an erroneous construction put upon sections 3441 and 3443 of the Code, in limiting the application of these statutes to trains, and to only such persons as might lawfully be on the trains. It may be that the protection of trains at the crossing of two railroads, and passengers, employes, and other persons rightfully on the trains, was the primary purpose and the inspiring cause for the enactment of the statute, but its terms and language are too broad and comprehensive not to embrace any person who may rightfully be within the zone of that danger, which the statute intended to be prevented or avoided by a compliance with its requirements. We might suppose a case, not at all improbable, of a person on his own premises adjacent and near to the crossing of two railroads, and within the zone of danger of flying debris from the collision of trains. In such a case, if injury should proximately result from a failure to comply with the statutory requirements on the part of the railroad company in the operation of its train at the crossing, could it be said that there was no legal cause of action to the person injured? Another supposable, and not improbable, case would be that of an employee, of either of the two roads, as for that matter, and one not embraced in the classification suggested in argument by counsel for appellant, but a section hand

at work upon the tracks, in close proximity, rightfully in such place, and who is injured as a proximate consequence of a collision of trains on the crossings resulting from a failure to comply with requirements of the statute on the part of those operating the trains. Other supposable cases might be suggested, but these serve to illustrate the unreasonable construction of the statutes as insisted upon in argument. In the cases suggested, if the construction contended for by appellant's counsel were adopted, we would have a case of a violation of a duty enjoined by statute, and which is *per se* negligence, resulting proximately in the injury of a person rightfully in his place at the time of the injury, and who would be left without a legal cause of action. Under the facts in the case before us there is no difference in principle between the case of plaintiff's intestate and the cases suggested above by way of illustration. It is unimportant whether plaintiff's intestate was injured while in the act of crossing defendant's railroad, or after he had cleared defendant's road, there being no imputable contributory negligence on his part. He had the lawful right to cross the defendant's road, with the duty upon him, of course, of exercising due care in crossing, without thereby becoming a trespasser, or a bare licensee. He would be but exercising a legal right, and could not, therefore, be said to be in a place where he had not the lawful right to be. If he was injured after he had crossed the road of the defendant, and while on the premises of another, and it is not here shown that he was wrongfully on the premises of such other, and if that were material, the burden of showing it would be on the defendant, he was nevertheless within the zone of danger from the collision of trains, and not being shown to be wrongfully in such place, under our view he comes within the protection of the statute.

Under the undisputed evidence, the plaintiff's intestate was neither a tresspasser, nor a bare licensee, on the premises of the defendant. The doctrine, therefore, pertaining to that class of persons, and the authorities cited in support of the same, have no application. The case of *A. G. S. R. R. Co. v. Chapman,* 80 Ala. 615, is more analogous in principle and facts to the case at bar

than any other to which our attention has been called. But counsel for appellant challenges the correctness of the law of that case. In that case the plaintiff was walking along a path on the right of way of the railroad and near the tracks within the corporate limits of the town of Livingston, when she was injured by the defendant's train running upon a cow on the track of the railroad and throwing the cow off and against the plaintiff. The negligence counted on was the failure of the defendant to comply with the statutory requirements of ringing the bell and blowing the whistle at intervals when passing through the corporate limits of the town. It was held that the plaintiff had a legal cause of action. It was there said, "There being no negligence towards the plaintiff personally, her right to a recovery depends upon the issue of negligence in striking and throwing the cow from the track. The only negligence averred and claimed consists in the alleged failure of the engineer to comply with the statutory requirements in regard to blowing the whistle and ringing the bell, and using all means in his power known to skillful engineers in order to stop the train. The statute imputes negligence, when there is a failure to comply with the statutory requirements, and imposes on the company liability for all damages to persons or property resulting from such failure."

The facts in the case at bar, if anything, are stronger against the defendant than in the case of Chapman. Here we have the case of a failure of the defendant to comply with the statutory requirement to stop within a hundred feet of the crossing, and not to proceed until it was known that the way was clear, which was *per se* negligence, and the proximate result of such negligence, the injury of plaintiff's intestate, who, so far as the facts show, was rightfully at the place where he was injured. In our opinion, he was a person to whom the duty, of complying with the requirements of the statute on the part of the defendant, was due. We do not think under the provisions of the statute, and the facts in the case, our conclusion in any wise conflicts with the doctrine hereinbefore stated, namely; "If there is no duty, there is no negligence."

It is stated in argument, that there was no evidence to support counts three and four, and therefore, there was error in refusing to the defendant the general charge requested as to these counts, but at the same time it is conceded, that if the general charge, given at the insistence of the plaintiff, was good as to any one count, the refusal to give defendant's charge might be error without injury. We think this is unquestionably true, since the damages sought to be recovered would be the same under all the counts of the complaint, except as to the fifth count, as to this count the general charge was given for the defendant.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J , concurring.