# Southern Railway Co. *v.* Crawford.

*Injury to Person on Track.*

(Decided Dec. 16, 1909.—51 South. 340.)

1. *Negligence; Pleading; Quo Modo.*—Where the gravamen of the count is the alleged misfeasance or nonfeasance of another, it is not necessary to define the quo modo of the negligence.

2. *Same; Actionable Negligence; Proximate Cause.*—To be actionable the negligence relied on must be the efficient proximate cause of the injury.

3. *Railroads; Crossing Accident; Complaint.*—In an action against a railroad for personal injuries received in a collision at a crossing a count which alleges that the defendant negligently ran an engine towards the pike along which plaintiff was driving, thereby causing his team to become frightened and run across the track where it was struck causing the injuries alleged is sufficient, although it does not allege the particulars of defendant's negligence.

4. *Same.*—In an action against a railroad for personal injuries received in a crossing accident, a count alleging that defendant negligently ran an engine at a rapid rate of speed towards the pike along which plaintiff was driving thereby causing his team to become frightened and run across the track where it was struck,

[Southern Railway Co. v. Crawford.]

causing the injury complained of is not defective as violating the rule that the sufficiency of a complaint for personal injuries which undertakes to define the particular negligence which caused the injury must be tested by the special allegation in that regard.

5. *Same; Violation of Statutory Duties.*—While a failure to observe the requirements of section 5473, Code 1907, is negligence in itself, it is not actionable unless it is the efficient proximate cause of the injury.

6. *Same; Object of Regulation.*—The object of section 5473, Code 1907, is to put the traveller upon his guard so as to prevent personal injuries and to enable him to guard against injuries from frightened animals that he may be driving.

7. *Same; Frightening Animals; Liability; Wanton Acts.*—While a railroad has authority in its operation to make such noises as are incident thereto, and is not liable for injuries occasioned by animals taking fright at noises made in the reasonable exercise of such acts and duties, yet, if the acts of its employes which cause such fright, are wanton and malicious and are done in the discharge of their business by using the appliances in a wanton or reckless manner, the railroad is liable.

8. *Same; Failure to Whistle or Ring Bell.*—The failure to observe the provisions of section 5473, Code 1907, before reaching a highway crossing will be treated as the efficient cause of injury to a traveller along the highway, who, in the absence of such signals, goes so near the track that an approaching train frightens his team, although there is nothing unusual in the operation of the train.

9. *Same; Complaint.*—Although a count does not charge that the operation of an engine immediately at the crossing was unusual or in any respect negligent, but relies on the failure of the engineer to blow the whistle or ring the bell at least one-fourth of a mile before reaching the pike, and in consequence of which failure the traveller approached the crossing without warning of danger on account of which his team became frightened and ran on the track in front of the engine, shows sufficiently a connection between the negligence alleged and the injury in cause and effect.

10. *Same; Duty of Traveler.*—It is not the duty of a traveler on a highway approaching a railroad crossing to leave his vehicle and go to the head of his team to be in better position to control it until he becomes aware of the approach of the train.

11. *Same; Jury Question.*—The evidence in this case stated and examined and held insufficient to submit to the jury the question of negligence in the rapid operation of the train.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. B. Crawford against the Southern Railway Company, for injuries received in a railway crossing accident. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Southern Railway Co. v. Crawford.]

PAUL SPEAKE, for appellant.—The negligence alleged was not in law the proximate cause of the injury complained of under the allegations of either count.—*Staunton's Case*, 91 Ala. 382; *Mutch's Case; Wilson's Case*, 146 Ala. 285. Hence, demurrers raising this question should have been sustained to all the counts. Demurrers 6 and 10 should have been sustained as they properly raise a sufficiency of the allegation that the team was one of ordinary gentleness and that the cause of the fright was calculated to frighten a team of ordinary gentleness.—*Staunton's Case, supra; Side's Case*, 122 Ala. 594; *Cleghorn's Case*, 134 Ala. 601. The court erred in sustaining demurrers to pleas 9 and 10.—*Kenter v. Pa. R. R. Co.*, 93 Am. St. Rep. 795, and authorities therein cited. The court should have given the affirmative charges 1, 2, 3 and 5.—*Robinett's Case*, 132 Ala. 501; *Maddox's Case*, 100 Ala. 616; *Barnett's Case*, 44 South. 392; see also; *Clark's Case*, 41 South. 829; 43 South. 832; 33 South. 63. A railroad track is in itself a warning of danger, and charge 6 should have been given. The court erred in refusing charge 10.—*Bir. R. L. & P. Co. v. Bynum*, 139 Ala. 589; see also 46 South. 262.

WALKER & SPRAGINS, for appellee. The counts of the complaint were sufficient.—Sec. 5473, Code 1907; *N. C. & St. L. v. Reynolds*, 41 South. 1001; *Staunton v. L. & N.*, 91 Ala. 386; 34 N. Y. 622. The failure to give the signal resulting in the accident at the crossing was sufficiently stated as a causal connection between the negligence alleged and the injury.—*Staunton v. L. & N. v. Supra; Skipworth v. M. & O.*, 48 South 964; *Hembree's Case*, 85 Ala. 481; *Southern Ry. v. Williams*, 143 Ala. 212; *Lewis v. Southern Ry.*, 143 Ala. 143.

SAYRE, J.—Appellee sued for injuries to his person and property sustained by collision with an engine at a public road crossing. Count 1 alleges that the defendant by its servants negligently ran an engine towards the pike along which plaintiff was driving, thereby causing plaintiff's team to become frightened and run across the track in front of the engine, where it was struck, with the result complained of. It has become too well established by repeated decisions to need further discussion that, where the gravamen of the complaint is the alleged misfeasance or nonfeasance of another, it is not necessary to define the quo modo of the negligence; the reasonable theory being that the defendant is best informed as to the particulars of his own dereliction.—*L. & N. R. R. Co. v. Marbury,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233, 26 South. 349.

Count 4 differs from count 1 only in that it qualifies the allegation that the "defendant negligently ran an engine" by the additional averment that the engine was run "at a rapid rate of speed." It is not to be declared defective under the rule that the sufficiency of a complaint, in an action for personal injuries, which undertakes to define the particular negligence which caused the injury, must be tested by the special allegations in that respect. In other words, the allegation that the train was run at a rapid rate of speed is not put in apposition to a general charge of negligence. Rather the act particularly alleged to have been done is characterized generally as having been negligently done; this characterization supplying every element necessary to make the rapid running of a train negligent. Thus, to illustrate from our adjudicated cases, it has been held that the mere allegation that a passenger is injured by the sudden jerk of a car does not show actionable neg-

ligence. Something must be alleged in addition. Neg-
ligence in such a case depends upon whether there are
persons in such a position that a sudden start would
probably cause injury, and the duty to know that fact.
—*Mobile L. & R. Co. v. Bell,* 153 Ala. 90, 45 South. 56.
But in *H. A. & B. R. R. Co. v. Miller,* 120 Ala. 535, 24
South. 955, it was held that the averment of a count that
"the engineer of said engine negligently caused or allow-
ed said car and engine to be suddenly and violently
shocked" sufficiently alleged a cause of action. There
are conditions under which it may constitute negligence
to maintain a rapid rate of speed in the movement of a
railroad train; and those conditions are supplied in the
count by the averment that defendant's train was neg-
ligently moved at a rapid rate of speed. The count was
unobjectionable under our system of pleading.

Count 2 does not charge that the operation of the
engine immediately at the crossing was unusual or in
any respect negligent. The negligence upon which the
count goes is to be inferred from the failure of the en-
gineer to blow the whistle or ring the bell at least one-
fourth of a mile before reaching the pike, "in conse-
quence of which failure," the count continues, "plain-
tiff approached the crossing without warning of the
danger." This count, in common with the others, al-
leges that the plaintiff's team became frightened and
ran upon the track in front of the engine. The duty to
blow the whistle or ring the bell before reaching a pub-
lic road crossing is imposed by statute, and it must be
conceded that a mere failure constitutes negligence.—
Code 1907, § 5473; Code 1896, § 3440. But, in order for
negligence to confer a right of action, it must be the
efficient proximate cause of injury. The statute (Code
1907, § 5476; Code 1896, § 3443) make railroad compa-
nies liable for all damage done to persons, or to stock

or other property, resulting from a failure to comply with the requirements of the three preceding sections, and places the burden upon them to show compliance. There can be no doubt that the object in requiring the engineer to blow the whistle or ring the bell is to put the traveler on his guard. In *Stanton v. L. & N. R. R. Co,.* 91 Ala. 386, 8 South. 799, it was said that "it is the duty of trains, nearing a public crossing, to make such signals to warn persons approaching the track, that they may stop at a safe distance." It must be conceded, however, that the observation had no particular relevancy to any question presented by that case. It has been held by other courts having occasion to consider cases of the sort that statutes simular to ours are intended, among other things, to provide against the hazards of damage by frightening teams traveling along a highway towards a crossing by enabling their drivers to place them in such positions as will best guard against such injuries. It is held that the statutory signals enable travelers along the highway to take precaution against the danger of fright to be caused by the rush of the train immediately at the crossing.—*People v. N. Y. C. R. R. Co.,* 25 Barb. (N. Y.) 199; *Norton v. Eastern R. R. Co.,* 113 Mass. 366; *Ransom v. Chicago, etc., R. R. Co.,* 62 Wis. 178, 22 N. W. 147, 51 Am. Rep. 718; *Mo. Pac. Ry. Co v. Johnson,* 44 Kan. 660, 24 Pac. 1116. But the further conclusion is that the statutes impose no duty to give warning to those who do not intend to use the crossing.—*L. E. & St. L. R. R. Co. v. Lee,* 47 Ill. App. 384; *E. T. V. & G. R. R. Co. v. Feathers,* 10 Lea (Tenn.) 103; *Reynolds v. Great Northern Ry.,* 69 Fed. 808, 16 C. C. A. 435, 29 L. R. A. 695. In *Southern Railway v. Williams,* 143 Ala. 212, 38 South. 1013, it was argued that section 3441 of the Code of 1896, imposing certain duties upon engineers and conductors where the tracks of two railroads cross each other at

grade, was intended for the protection of trains in the use of railroad crossings, and of passengers, employes and other persons rightfully on such trains, and to confer a remedy for their benefit. In that case it appeared in the complaint that plaintiff's intestate was nearby but was not upon the railroad upon which the defendant was operating its train, and was killed as the result of a collision between two trains. The argument against the complaint concluded that the plaintiff's intestate did not come within any class intended to be protected, and the defendant, therefore, owed him no duty in the observance of the law at the crossing, and in consequence the failure to observe the precautions required by the statute constituted no act of negligence as to him. The court in an opinion written by the present Chief Justice, following the analogy afforded by the case of *A. G. S. R. R. Co. v. Chapman,* 80 Ala. 615, 2 South. 738, held that the statute enured to the benefit of any one who happened lawfully to be within the zone of danger by a nonobservance of the statute. In *Stanton v. L. & N. F. R. Co., supra,* the complaint was that the plaintiff had been injured by wrongfully obstructing the public road crossing over defendant's railroad, and running another train over the crossing while so obstructed by the first. It must be noticed that no negligence was charged in the running of the second train. The gravamen of the complaint was the obstruction of the road.' The facts were that the plaintiff traveling in a buggy along the road came to a crossing of defendant's track. A train of cars there obstructed his further progress for a half hour or more. While plaintiff waited, a second train came along on a side track "blowing off steam, and making unusual noise." At the approach of this train, plaintiff's horse became frightened and ran away, injuring plaintiff and his buggy. It was

held that the fright of the horse and its running away was not the natural consequence of permitting the cars to remain on the crossing, and that the damages resulting from the fright of the horse were too remote, as a consequence of the obstruction of the public road, to be visited upon the defendant company for that cause. In that case it was further held that the authority to operate a railroad includes the right to make the noise incident to the movement and working of its engines, as in the escape of steam, and the rattling of cars; and also to give the usual and proper admonitions of danger, as in the sounding of whistles and the ringing of bells. It is not liable for injuries occasioned by horses, when being driven on the highway, taking fright at noise occasioned by the lawful and reasonable exercise of these rights and duties. But, if the acts of the servants occasioning the fright are wanton and malicious, and are done in the discharge of their business, by using the appliances of the company, such as wanton whistling of the engines, and the reckless discharge of steam, the company will be liable. Authorities were cited to sustain these propositions, and their soundness cannot be questioned. The negligence charged in the instant case was the failure to give a signal by blowing the whistle or ringing the bell. No other or different charcter of negligence is charged. Fright of plaintiff's team is alleged to have stood in the chain of causation leading from this failure to plaintiff's injury as an efficient cause. Still another intervening cause was necessary, of course, because in the nature of things the fright of the team could not have been caused by the failure to make a noise. The effort in the complaint, confessing, because not denying, that the train was operated without usual noise, is to supply the missing link by alleging that the presence of

the team so near the track as to be frightened by the ordinary operation of the train was due to the failure to blow the whistle or ring the bell.  It may seem that the connection between the failure to give a signal of approach with what is alleged to have subsequently happened to the plaintiff and his team is slight and conjectural.  Still it seems now that the failure to observe the statutory regulation is to be treated as the efficient cause of injury to a traveler along the highway who, in the absence of the signal, goes so near the track of a railroad that an approaching train causes his team to become frightened, though there be nothing out of the usual in the operation of the train.  Such is the intended and necessary result of the statute.  On second thought, and on further consideration of the cases decided by this court and referred to hereinabove, we do not feel warranted in holding that a connection, in the character of cause and effect, is not shown by the complaint, though at first we thought otherwise.

Pleas 9 and 10 predicate contributory negligence of the plaintiff for that under the circumstances there averred he failed to go to the head of his team and thus control it.  Whatever may have been the duty of the plaintiff in respect to stopping, looking, and listening —a feature of the case fully covered by other pleas upon which issue was joined—it cannot be said that the duty of quitting his place in his vehicle and going to the head of his team, in order that he might be in a better position to control it, devolved upon him until he became aware of the approach of the train.  These pleas fail to aver plaintiff's knowledge of the approach of the engine, and were defective for that reason.  The demurrers to them were properly sustained.

There was no evidence of any negligence in the operation of the engine in the immediate vicinity where the

injury occurred except which went to show a failure to give the statutory signals. There was nothing out of the usual in the operation of the engine at that point, nor was the engineer negligent after he discovered plaintiff's peril. No conditions were shown which made a rapid rate of speed in advance of the discovery of plaintiff's dangerous situation negligent. For these reasons, the defendant was entitled to have the general affirmative charge as to count four. But it was open to the jury to find that the signals had not been given, and to infer that plaintiff had been led by the omission into a place of danger. On the other hand, there is no doubt under the evidence that the fright of plaintiff's team was a cause without which his injury would not have happened. He was advised of the approach of the engine in ample time to have avoided the collision but for the fact that his team became frightened, and carried plaintiff, notwithstanding his effort to control them, upon the track immediately in front of the engine. On the pleading and the proof as they were, it was for the jury to say whether there had been omission of the statutory signal, and whether the plaintiff had been guilty of contributory negligence as alleged. We do not think it necessary to consider other assignments of error. They will hardly recur in the exact form in which they are now presented.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.