[Birmingham Ry. L. & P. Co. v. Bason.]

# Birmingham Ry. L. & P. Co. v. Bason.

## Street Crossing Accident.

(Decided January 14, 1915.  68 South. 49.)

1. *Street Railways; Crossing Accident; Complaint; Sufficiency.*— A complaint averring that a pedestrian received injuries, as a proximate consequence of the negligence of defendant's employees, while engaged within the scope of their employment, and that said employees, while so engaged, negligently allowed or caused the car to be run on or against the pedestrian, thereby causing the injuries complained of, states a cause of action.

2. *Same; Evidence; Sufficiency.*—Such a complaint is sustained by proof of any negligence on the part of any person in the employment of the company, which caused or permitted such car to strike the pedestrian.

3. *Same; Instruction.*—A charge asserting that it is not necessary that any negligence be proven by positive proof, but the jury are to be reasonably satisfied from all the evidence as to whether or not, in the first instance, there was negligence as charged, is not objectionable as suggesting any presumption in aid of allegations of negligence, but merely undertakes to assert that positive evidence of negligence is not essential to carry the burden assumed by plaintiff; the action being for injuries to a pedestrian struck by a car of defendant.

4. *Negligence; Instructions.*—Where the action was for injuries to a pedestrian struck by a street car, a charge defining negligence as the doing of some act, or the failure to do some act, which an ordinarily prudent person under similar circumstances would or would not have done, while correctly defining negligence, does not assume to define negligent liability, which must involve additional factors not comprehended in an abstract definition.

5. *Charge of Court; Invading Province of Jury.*—A charge that the jury finding the issues for plaintiff, must, in determining what will fairly compensate him, consider any mental and physical pain, or any trouble and expense in caring for the injury, and any pain that he may suffer in the future on account thereof, and any permanent injuries he has received, provided these items proximately resulted from the negligence charged, does not invade the province of the jury, or assume that a disputed issue of fact has been established, where there was evidence to support the elements of damage enumerated.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by W. H. Bason against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the excerpt from the court's oral charge, as set out in the second assignment of error: As has been stated in argument, gentlemen, it is not necessary that any special negligence be proven by positive proof, but you are to be reasonably satisfied from all the evidence and the circumstances in the case as to whether or not, in the first instance, there was negligence as charged.

The excerpt in the third assignment is: Negligence, gentlemen, is the doing of some act or the failure to do some act, perform some act, which an ordinarily prudent person under like or similar circumstances would or would not do.

Charge 1 given for plaintiff is as follows: If you should find the issues in favor of plaintiff, your verdict should consider, in determining what would fairly compensate him for the injuries proximately received by him, any mental and physical pain, or any trouble and expense in and about nursing and caring for said injuries, and any pain that he may suffer in the future on account of such injuries, and any permanent injuries that he has received, provided you believe from the evidence all of these items proximately resulted from the negligence of defendant as claimed in the complaint, and provided said sum does not exceed the sum claimed in the complaint.

TILLMAN, BRADLEY & MORROW, for appellant.

PERCY, BENNERS & BURR, and LEROY P. PERCY, for appellee.

McCLELLAN, J.—The plaintiff, a pedestrian in a public thoroughfare in the city of Birmingham, was struck by a car of the defendant (appellant), the rear truck of which had split a switch near the point in the street where plaintiff was awaiting its passage to clear his way. There are four assignments of error, all predicated of instructions given, or refused, to the jury. They will be treated in the order of their discussion in the briefs.

(1) The first count of the amended complaint, in so far as presently important, reads: "And plaintiff avers that he received such injuries as a proximate consequence of the negligence of defendant's servants or agents, and while they were engaged in the line and scope of their employment, which said negligence consisted in this: That said servants, while engaged in the line and scope of their employment, negligently caused or allowed such electric car to be run upon or against plaintiff, thereby causing the injuries herein complained of."

Under the authority of the line of many decisions, of which *Sou. Ry. Co. v. Crawford*, 164 Ala. 178, 51 South. 340, is one, this count was sufficient.

(2) Any evidence tending to show negligence consequent on which happened the damnifying act charged, viz., the collision of the car with the defendant, a pedestrian in a public street along which the track lay and the car was being operated, was admissible; any evidence of negligence on the part of any person in the employment of the defendant which "caused or allowed" the car to run upon or against the plaintiff. The amendment of this count was for the evident purpose of expanding the allegation of negligence to cover, not only the negligence of those operating the car, but also those who might be negligent in respect of the

track, including the switch, over which it was being operated.

The argument for error in refusing the affirmative charge as to the first count, rested as it is on a much narrower, too narrow, an interpretation of the first count after it was amended, cannot be approved. There was evidence of negligence tending to support the first count. It is unnecessary to attempt to set it out. The first assignment of error is without merit.

The report of the appeal will contain the excerpts from the oral charge of the court set out in assignments of error numbered 2 and 3.

(3) In the excerpt set out under the second assignment we see no fault. There is nothing therein invoking or suggesting any presumption in aid of the averments of negligence set forth in the plaintiff's pleading, as seems to be supposed by counsel for appellant. We understand the court to have undertaken to say to the jury that positive evidence of negligence is not essential to carry the burden of proof assumed by the plaintiff. That is manifestly correct.—8 Ency. of Evid., pp. 902-904; *Bromley v. Birmingham Min. R. R. Co.,* 95 Ala. 397, 11 South. 341.

(4) The matter of the assignment numbered 3 is plainly a correct definition of negligence. It is phrased as well as a definition of negligence could be done. The excerpt did not, as appears, assume to define negligence to liability. That, of course, involves additional factors not comprehended in an abstract definition of negligence. There is no merit in the third assignment.

(5) Under anything like a reasonable interpretation of charge numbered 1, given at plaintiff's instance, it did not invade the jury's province, nor did it assume that an unproven or a disputed issue of fact had been established. There was evidence tending to support the

several elements of damages enumerated in the charge. No error appearing, the judgment must be affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.