(77 South. 415)

**SEABOARD AIR LINE RY. CO. v. EMFINGER. (3 Div. 203.)**

(Court of Appeals of Alabama. June 12, 1917. On Application for Rehearing, Nov. 13, 1917.)

1. RAILROADS ⬅➡344(4)—CROSSING ACCIDENTS —COMPLAINT.

A complaint, alleging that defendant so negligently conducted its business that by reason thereof and as a proximate result and consequence thereof a team attached to a vehicle in the highway from which plaintiff had alighted became frightened and unmanageable, and ran and collided with plaintiff, injuring him, is suffi-

cient, though the manner of defendant's negligence was not specified; it being best informed as to the particulars of its own dereliction.

2. RAILROADS ⬅➡347(8)—CROSSING ACCIDENT —EVIDENCE.

Where plaintiff's team, which he was leading preparatory to crossing defendant's tracks, that ran over a public street, became frightened at defendant's train and ran off, injuring plaintiff, evidence that there were no gates at crossing, and no person there to warn travelers, was admissible as descriptive of the locus of the accident.

3. WITNESSES ⬅➡268(2)—CROSS-EXAMINATION —ADMISSIBILITY.

A witness, testifying in an action for damages for injuries received by plaintiff when his team was frightened by defendant's train, may, having testified as to the position of the parties and the train, be interrogated as to his proximity to the train as it passed.

4. TRIAL ⬅➡253(4) — INSTRUCTIONS DISREGARDING ISSUES—FRIGHTENING OF ANIMALS —WANTON ACTS.

In an action for injuries received by plaintiff when his team was frightened by defendant's train, a requested charge that it was the duty of defendant's engineer, if he saw plaintiff's team approaching the crossing and in close proximity thereto, to warn him of the approach of the train by ringing the bell or blowing the whistle, and if the engineer did see plaintiff's team and sounded the alarm so as to warn him of the approach of the train, and in so doing did not create any unnecessary noise, and that as a proximate consequence plaintiff's team became frightened and injured him, verdict should be for defendant, is properly refused, plaintiff relying on defendant's negligence in the conduct of its business, for the charge disregarded defendant's liability for reckless and wanton acts of its employés in giving the alarm, etc.

5. TRIAL ⬅➡252(1)—INSTRUCTIONS—ABSTRACT INSTRUCTIONS.

A charge without any basis therefor in the evidence is abstract, and should be refused.

6. TRIAL ⬅➡252(1)—INSTRUCTIONS—ABSTRACT INSTRUCTIONS.

A charge based on a hypothesis directly contrary to the evidence is abstract and properly refused.

7. RAILROADS ⬅➡327(7) — FRIGHTENING OF TEAMS — NEGLIGENCE — STOP, LOOK, AND LISTEN.

One about to lead a team over railroad tracks laid across a highway should stop, look, and listen for approaching trains in order to prevent the animals from being frightened.

8. RAILROADS ⬅➡351(6) — FRIGHTENING OF TEAMS—GENERAL CHARGE.

In an action against a railroad company for injuries received by plaintiff, who was hurt when the team which he was about to lead over the railroad crossing became frightened by a train, *held* that general charge in favor of the railroad company was properly refused.

9. TRIAL ⬅➡253(6)—INSTRUCTIONS—ABSTRACT INSTRUCTIONS.

A charge must state the entire facts, and where it failed to do so, it is abstract, and may be properly refused.

On Application for Rehearing.

10. RAILROADS ⬅➡344(4) — CROSSING ACCIDENTS—COMPLAINT—SUFFICIENCY.

Code 1907, § 5476, makes railroad companies liable to all persons for injuries resulting from a failure to comply with the requirements of the three preceding sections, one of which required the engineer or other person having control of the running of the locomotive on any railroad to blow the whistle or ring the bell at least one-

fourth of a mile before reaching any public road crossing, or any regular station or stopping place on such railroad, and continue to blow the whistle or ring the bell at short intervals until it should have passed such crossing. Plaintiff's complaint alleged that defendant was engaged in operating a railroad; that one of its tracks ran across a public highway; that plaintiff was at and near such place upon the public highway, and then and there defendant so negligently conducted its business that by reason thereof and as a proximate result and consequence a team attached to a vehicle in the highway from which plaintiff had alighted became frightened or unmanageable, and ran upon or collided with plaintiff, and plaintiff was injured to his damage. *Held*, that as the requirement of the statute was to warn travelers of the approach of the train, and as the complaint alleged that plaintiff was near the crossing and upon the highway, it stated a cause of action by alleging defendant's negligent operation.

Appeal from Circuit Court, Montgomery County; W. W. Pearson, Judge.

Action by J. W. Emfinger against the Seaboard Air Line Railway Company for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied 201 Ala. 121, 77 South. 418.

The following are the assignments of error referred to:

(2) Objection by defendant to the opening statement of plaintiff's counsel to the jury that plaintiff expected to show, among other things, that the railroad company did not have anybody at the crossing to warn plaintiff.

(3) Objection to the following statement of plaintiff's counsel, in the opening of the case, that plaintiff expected to prove that at this crossing defendant's tracks ran across the public road, and they did not have any gates or any one there to guard or warn the people.

(4) In overruling appellant's objection to the question propounded to appellee's witness, "How far did the train miss you?"

(5) Overruling appellant's motion to exclude answer of witness to said question.

(6) Overruling appellant's objection to the following question: "Were there any gates there at that crossing?"

(18) Not instructing the jury to ignore the following statement made by appellee's counsel in his argument to the jury: They haven't even constructed or erected a gate. They haven't even got any sort of signal or warning."

The following are the charges refused to defendant:

(4) It was the duty of defendant's engineer, if he saw plaintiff's team approaching the crossing, and in close proximity thereto, to warn him of the approach of the train by ringing the bell or blowing the whistle; and, if you believe that the engineer did see plaintiff's team approaching the track, and in close proximity thereto, and sounded the alarm so as to warn him of the approach of the train, and in doing so did not create any unnecessary noise, and that as a proximate consequence thereof plaintiff's team became frightened and injured him, then I charge you plaintiff cannot recover, and your verdict should be for defendant.

(3) If you believe from the evidence that plaintiff's mule was not a reasonably gentle one, and became frightened from the noise of defendant's train in the usual and ordinary operation of said train, and that this proximity resulted in plaintiff's injury, then I charge you plaintiff cannot recover, and your verdict should be for defendant.

(5) It was plaintiff's duty to stop, look, and listen before entering upon the crossing in question; and, if by so doing he could have seen or heard the approaching train, and if you believe from the evidence that he failed to do so, and negligently approached the crossing, and got so close thereto as that as a proximate result thereof his mules became frightened from the passing of the train, and that defendant's engineer or servant did not make any unnecessary noises, and that plaintiff's acts as aforesaid proximately resulted in his injury, then I charge you plaintiff cannot recover, and your verdict should be for defendant.

(7) This defendant is not liable merely for the frightening of plaintiff's team in the ordinary and usual operation of its train.

(8) If you believe from the evidence that plaintiff was walking along four or five feet from the team, and that the team became frightened and started to run, and that thereafter plaintiff got hold of the team, and endeavored to hold it when a reasonably prudent man would not have done so under the circumstances, and that in so doing he proximately contributed to his own injury, then I charge you plaintiff cannot recover in this case, and your verdict should be for defendant.

(D) If you believe from the evidence in this case that plaintiff caught hold of his mules after they became frightened, and that a reasonably prudent man would not have done so under the circumstances, and his doing so proximately contributed to his injury, then your verdict should be for defendant.

Charges B, C, and E assert the doctrine of stop, look, and listen, practically as asserted in charge 5.

Steiner, Crum & Weil, of Montgomery, for appellant. Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

SAMFORD, J. [1] Appellee sued for injuries to his person, sustained by his being struck by a team of mules, which had been frightened by a locomotive operated by defendant across a public street in the city of Montgomery. The case was tried on one count, which alleged the business of the defendant, that one of its tracks ran across a highway, the presence of plaintiff on the highway near the crossing, and "then and there the defendant so negligently conducted its said business that by reason thereof and as a proximate result and consequence thereof a team attached to a vehicle in said highway, from which plaintiff had alighted, became frightened or unmanageable, and ran upon and collided with plaintiff, and plaintiff was thereby injured," etc. This count was demurred to and the demurrers were overruled. The demurrer was properly overruled. As was said by Mr. Justice Sayre, in the case of Southern Ry. Co. v. Crawford, 164 Ala. 181, 51 South. 341:

"It has become too well established by repeated decisions to need further discussion that, where the gravamen of the complaint is the alleged misfeasance or nonfeasance of another, it is not necessary to define the quo modo of the negligence; the reasonable theory being that the defendant is best informed as to the particulars of his own dereliction." L. & N. R. Co. v. Marbury, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; Armstrong v. Montgomery Street Ry. Co., 123 Ala. 233, 26 South. 349.

We do not understand that the rule in these cases has ever been changed, or that the cases of T. C. I. Co. v. Smith, 171 Ala. 251, 55 South. 170, Cahaba C. Co. v. Elliott,

183 Ala. 298, 62 South. 808, and Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804, are in conflict.

[2] Assignments of error 2, 3, 6, and 18 do not constitute reversible error. Counsel for appellant have cited us to no authority sustaining their argument, and it is a well-settled rule that the locus may be described, and indeed the jury should have a full description of the entire area embraced in the inquiry. It was not negligence for the defendant not to maintain gates at this crossing, and the court so instructed the jury.

[3] Assignments of error 4 and 5: The witness Katz was testifying from a drawing showing the location of the track, the parties and the train, and it was a proper inquiry as to his proximity to the train as it passed.

[4, 5] Charge No. 4, as requested by defendant, was properly refused. This charge ignores the rule in the case of So. Ry. Co. v. Crawford, 164 Ala. 178, 50 South. 340. Besides, this charge is abstract. There is no evidence that the engineer saw plaintiff's team approaching the crossing.

Charge No. 3 ignores the rule above referred to, and is abstract, there being no evidence that the plaintiff's mules were not reasonably gentle.

[6, 7] Charge No. 5 was properly refused. This action was not based upon a collision at a crossing, but for frightening the mules before they entered on the crossing, under circumstances rendering the defendant guilty of negligence resulting in injury to plaintiff. The evidence is without conflict that the team of mules that were frightened and did the damage were under the direction of plaintiff, although being actually driven by his 15 year old son; that he stopped them 40 or 50 yards before getting to the crossing, and waited for the switch engine of defendant to get across, and out of the way; that he could not see and did not hear the approach of the other train, but as a precaution he walked at the head of his team going towards the crossing; that the mules were gentle and had crossed there before; that when he had gotten in 15 or 20 feet of the crossing, he saw the train approaching, and when it got on the crossing, it began to blow; that he grabbed the mules and the injury occurred.

We have carefully examined the cases of Central of Ga. Ry. Co. v. Barnett, 151 Ala. 407, 44 South. 392; Bason v. A. G. S. Ry. Co., 179 Ala. 302, 60 South. 922; Saxon v. Central of Ga. Ry. Co., 192 Ala. 434, 68 South. 313, and based upon those opinions, we hold that the doctrine of "Stop, look, and listen" applies in this case, but from the undisputed evidence, the plaintiff not only did this, but after he thought the danger was passed, as a precaution against unseen and unknown dangers, he preceded his team towards the crossing. The charge is predicated on his failure to do just what the evidence shows that he did do, and therefore is abstract and calculated to mislead.

[8] The general charge for defendant was properly refused. Under the facts as disclosed, this was a case properly submitted to the jury.

For reasons already set out, charge No. 7, asked by the defendant was properly refused.

[9] Appellant contends that the circuit court was in error in refusing charges 8 and D. These charges ignore the principles laid down in the case of Postal Tel. Co. v. Hulsey, 132 Ala. 444, 31 South. 527, and many other decisions of like tenor, and even under the principle as laid down in the Postal Tel. Co. Case, the charge must state the entire facts, or the charge is abstract.

Charges B, C, and E are scarcely insisted on in argument. Be this as it may, from what has been said, it is apparent the court did not err in refusing to give either of them.

The case was properly submitted to the jury, and from what has been said, it follows that the motion for a new trial was properly overruled.

There is no error in the record, and the judgment is affirmed.

Affirmed.

### On Application for Rehearing.

[10] The appellant urgently insists that the complaint in this case does not allege facts showing a duty owing by the defendant to plaintiff. The count upon which the case was tried is in the following language:

"8. Plaintiff claims of the defendant $2,999 as damages for that heretofore, on, to wit, the 24th day of July, 1914, the defendant was engaged in the business of operating in the county of Montgomery, state of Alabama, a railroad, and then and there one of the railroad tracks operated or used by the defendant in connection with said business ran across a public highway in the county of Montgomery, state of Alabama, and plaintiff was at said time and near said place upon the said public highway, and then and there the defendant so negligently conducted its said business that by reason thereof and as a proximate result and consequence thereof, a team attached to a vehicle in said public highway from which plaintiff had alighted became frightened or unmanageable and ran upon or collided with plaintiff, and plaintiff was thereby injured in this, to wit: His hip bone was broken; he was internally injured; he was permanently injured; he was cut, bruised, and lacerated; he was caused to suffer great mental anguish and physical pain; he lost much time from his work; he expended large sums of money for medical services and hospital fees in the treatment of his said injuries, for all of which he claims damages as aforesaid."

The statute (Code 1907, § 5476) makes railroad companies liable to all persons for injuries resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of the company or its agents. As was said in Southern Railway Co. v. Crawford, 164 Ala. 183, 51 South. 341:

"There can be no doubt that the object in requiring the engineer to blow the whistle or ring the bell is to put the traveler on his guard."

In the same case, it was said:

"It has been held by other courts having occasion to consider cases of the sort that statutes similar to ours are intended, among other things, to provide against the hazard of damage by frightening teams traveling *along* (italics ours) the highway towards a crossing by enabling their drivers to place them in such positions as will best guard against such injuries." Southern Railway Co. v. Crawford, supra, and authorities there cited.

The complaint alleges that the plaintiff was on a highway where he had a right to be, and, such being the case, the defendant owed him the duty to operate its locomotives and trains as required by law, and if these trains were so negligently operated as to proximately result in injury to plaintiff, defendant would be liable. Southern Railway Co. v. Williams, 143 Ala. 217, 38 South. 1013.

The allegation that plaintiff was "near" said place and *upon* the highway differentiates this case from the case of Birmingham Ry. Lt. & Power Co. v. Nicholas, 181 Ala. 478, 61 South. 890, and necessarily places plaintiff in a place where he had a right to be and in a place not necessarily dangerous (nor was he negligently there). Indeed, the place would not have become dangerous, nor would injury have resulted but for the wrong of defendant in negligently operating its locomotive.

As to the other assignments urged on rehearing, we see no necessity of extending the original opinion in this case.

Application overruled.