(78 South. 75)

## LOUISVILLE & N. R. CO. v. FLENN.
(6 Div. 605.)

(Supreme Court of Alabama. Feb. 7, 1918.)

RAILROADS ⟵350(4)—INJURIES NEAR CROSSING — WARNING — PROXIMATE CAUSE — QUESTION FOR JURY.

In an action for injuries to plaintiff when her buggy was overturned through her horse becoming frightened at the whistle and rush of a train, whether the necessary causal connection had been shown between the railroad's failure to comply with Code 1907, § 5473, as to warning of the approach of the train, and plaintiff's injury, was for the jury, on evidence that the railroad did not comply with the statute, that plaintiff was not otherwise apprised of the approach of the train, and that for such reason she failed to take precautions which would have avoided her injury.

Appeal from Circuit Court, Cullman County; J. E. Blackwood, Judge.

Action by Lucy Flenn against the Louisville & Nashville Railroad Company. From judgment setting aside directed verdict for defendant, defendant appeals. Affirmed.

Geo. H. Parker, of Cullman, and Eyster & Eyster, of Albany, for appellant. A. A. Griffith, of Cullman, and Callahn & Harris, of Decatur, for appellee.

SAYRE, J. Appellee was driving along a public road which approached a crossing at an acute angle with the track of appellant's railroad. When she reached a point variously estimated by the witnesses as from 50 feet to 50 yards from the crossing to which she was driving, and about 25 feet from the nearest point of appellant's track, her horse became frightened at the whistle and rush of appellant's train moving in the opposite direction, turned her buggy over, and caused the injuries for which she sought compensation in this action. Appellee testified that she knew nothing of the approach of the train until it reached the crossing, and introduced evidence tending to show that there had been a failure to comply with the statute (section 5473 of the Code), which requires that the engineer, or other person having control of the running of a locomotive on any railroad, must blow the whistle or ring the bell at least one-fourth of a mile before reaching any public road crossing, and continue to blow the whistle or ring the bell, at short intervals, until it has passed such crossing. At the trial the court gave the general affirmative charge for defendant, appellant; but afterwards, on appellee's motion, set aside the verdict which the jury had returned in accordance with the charge, and from this last action of the court this appeal has been taken.

On the evidence shown by the record it was open to the jury to infer that appellant did not comply with the statute, that appellee was not otherwise apprised of the approach of the train, and for that reason failed to take precautions which would have avoided her injury. These tendencies of the evidence bring the case within the influence of the decision in Southern Ry. Co. v. Crawford, 164 Ala. 178, 51 South. 340, where the court, answering the argument, here repeated that no causal connection had been shown between plaintiff's injury and defendant's

failure to comply with the statute, on rehearing said:

"It may seem that the connection between the failure to give a signal of approach with what is alleged to have subsequently happened to the plaintiff and his team is slight and conjectural. Still it seems now that the failure to observe the statutory regulation is to be treated as the efficient cause of injury to a traveler along the highway who, in the absence of the signal, goes so near the track of a railroad that an approaching train causes his team to become frightened, though there be nothing out of the usual in the operation of the train."

We were dealing there with a question of pleading. Here the question is upon the legal propriety of an inference of fact in the circumstances stated. The court holds, conformably with the tenor of the twice-considered ruling in the case supra, that it was for the jury to say whether the necessary causal connection had been shown, and that the trial court committed no error in setting aside the verdict in order that, upon another trial, the question at issue might be submitted to the proper triers of fact.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.