(84 South. 423)

LOUISVILLE & N. R. CO. v. ABERCROMBIE. (6 Div. 571.)

(Court of Appeals of Alabama.   Nov. 18, 1919.)

1. RAILROADS ⬤═312(8)—CROSSING SIGNALS INURE TO BENEFIT OF ANY ONE WITHIN ZONE OF DANGER.

Warning signals required of railroads approaching public crossings by Code 1907, § 5473, inure to the benefit of any one who happens lawfully to be within the zone of danger by a nonobservance of the statute.

2. APPEAL AND ERROR ⬤═1005(3)—REFUSAL TO SET ASIDE VERDICT NOT ERROR, WHERE EVIDENCE IS CONFLICTING.

Trial court's refusal to set aside verdict and to grant a new trial on the ground that the verdict was contrary to the evidence will not be held error on appeal, where the evidence was in sharp conflict and there is nothing in the record to impress appellate court that the verdict was contrary to the great weight thereof.

3. WITNESSES ⬤═240(8)—QUESTION HELD OBJECTIONABLE AS LEADING AND CALLING FOR A CONCLUSION.

In action for injuries in overturning of buggy when horse became frightened by the rush and whistle of passing train, question by defendant's counsel to defendant's witness, "That blast of the whistle scared the horse, didn't it?" held objectionable as leading, and calling for the conclusion of the witness as to the very question being submitted to the jury.

4. EVIDENCE ⬤═472(11) — QUESTION HELD OBJECTIONABLE AS CALLING FOR CONCLUSION.

In action for injuries in overturning of buggy when horse became frightened by whistle and rush of passing train, question by defendant's counsel to defendant's witness as to his opinion as to what produced the fright of the horse held objectionable in calling for the conclusion of the witness as to very question being submitted to the jury.

5. TRIAL ⬤═45(3)—SUSTAINING OBJECTION TO QUESTION NOT ERROR, WHERE IT WAS NOT SHOWN WHAT ANSWER WOULD BE.

The trial court will not be put in error for sustaining an objection to a question, where the answer might not be legal and the party seeking the evidence fails to inform the court as to what he expects the answer to be.

6. APPEAL AND ERROR ⬤═1078(1) — ASSIGNMENTS NOT ARGUED IN BRIEF ABANDONED.

Assignments of error not argued in appellant's brief will be considered as having been abandoned.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Action by W. W. Flenn, as administrator of Lucy Flenn, revived in the name of George Abercrombie, as administrator de bonus non, for damages for injuries to Mrs. Flenn caused by her horse taking fright at the approach of a train near a crossing, running away, and injuring Mrs. Flenn. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff was driving along a public road parallel with and approaching the railroad, crossing it at a sharp angle. The horse became frightened as the train passed while the horse was about 25 feet from the crossing and ran to one side of the road, striking a telegraph pole, overturning the buggy, and injuring Mrs. Flenn. There was dispute in the evidence as to whether the statutory signals were given and as to what frightened the horse.

Eyster & Eyster, of Albany, for appellant.

A railroad is not liable for injuries occasioned by horses taking fright, while being driven along a highway, at noise occasioned by the lawful and reasonable operation of trains. 164 Ala. 185, 51 South. 340;

135 Ky. 229, 119 S. W. 206; 179 N. Y. 536; 58 Tex. Civ. App. 232, 125 S. W. 340. The failure to observe statutory signals does not render the railroad company liable for injuries caused by fright of horses, traveling on streets or highways adjacent to grade crossings. Authorities supra.

E. Bland and A. A. Griffith, both of Cullman, and Callahan & Harris, of Decatur, for appellee.

This cause should be affirmed, on the authority of L. & N. R. R. Co. v. Flenn, 201 Ala. 299, 78 South. 75.

SAMFORD, J. This is the second appeal in this case, L. & N. R. R. Co. v. Flenn, 201 Ala. 299, 78 South. 75. On that appeal it was held:

"In an action for injuries to plaintiff when her buggy was overturned through her horse becoming frightened at the whistle and rush of a train, whether the necessary causal connection had been shown between the railroad's failure to comply with Code 1907, § 5473, as to warning of the approach of the train, and plaintiff's injury, was for the jury on evidence that the railroad did not comply with the statute, that plaintiff was not otherwise apprised of the approach of the train, and that for such reason she failed to take precautions which would have avoided her injury."

The facts as shown in this record are not materially different from the facts as stated in the opinion on former appeal, where it was held that the jury might infer that appellant did not comply with the statute, requiring the sounding an alarm on approaching the crossing, that appellee was not otherwise apprised of the approach of the train, and for that reason failed to take precautions which would have avoided injury. This would bring the case within the rule laid down in So. Ry. Co. v. Crawford, 164 Ala. 183, 51 South. 340; Seaboard Air Line Ry. v. Emfinger, 16 Ala. App. 265, 77 South. 415.

[1, 2] The phrase in the complaint, "with the intention of crossing said railroad at the said public crossing," which defendant moved to strike, was an immaterial allegation. The statutory signals required of railroads inure to the benefit of any one who happens lawfully to be within the zone of danger by a nonobservance of the statute. S. A. L. Ry. v. Emfinger, supra; A. G. S. R. R. Co. v. Chapman, 80 Ala. 615, 2 South. 738. The testimony in this case was in sharp conflict, the trial court and the jury had the witnesses before them, and there is nothing in this record to impress the court that the verdict was contrary to the great weight of the evidence. Under such circumstances, the trial court will not be put in error for refusing to set aside the verdict and to grant a new trial on the ground that the verdict was contrary to the evidence.

[3-5] The evidence before the court showing the absence of Dr. Bland from the state was sufficient as a predicate for the introduction of his testimony on a former trial. Jacobi v. State, 133 Ala. 1, 32 South. 158. The question asked the defendant's witness Lane, by defendant's counsel, "That blast of the whistle scared the horse, didn't it?" to which the objection was sustained, was objectionable for several reasons: First, it was leading; second, it called for the conclusion of the witness as to the very question being submitted to the jury. The latter reason also applies to the other question propounded to the witness Lane, as to his opinion as to what produced the fright of the horse. In addition to this, the court will not be put in error for sustaining an objection to a question, where the answer might or might not be legal, and the party seeking the evidence fails to inform the court as to what he expects the answer to be.

[6] There are 56 separate assignments of error in this case, but all of them are abandoned except such as were argued in brief of appellant's counsel, and in considering the case we have so treated them.

We find no error in the record, and the judgment is affirmed.

Affirmed.