(84 South. 865)

## NATIONAL TIMBER CO. et al. v. DEER.*
(1 Div. 325.)

(Court of Appeals of Alabama. Nov. 11, 1919. Rehearing Denied Dec. 16, 1919.)

1. SET-OFF AND COUNTERCLAIM ☞52(1)—CLAIM AGAINST PLAINTIFF ASSIGNED TO COMAKER AVAILABLE AS A SET-OFF.

In action on note against makers jointly and separately liable thereon, a claim against plaintiff assigned by one maker to the other was available as a set-off to the latter; a demand to either maker from the plaintiff being a good set-off in such case.

2. APPEAL AND ERROR ☞1040(6)—SUSTAINING OF DEMURRER TO PLEA HELD HARMLESS.

In action on note against makers jointly and separately liable thereon, action of court in sustaining demurrer to set-off interposed by one of the makers was harmless, where the evidence was insufficient to sustain set-off of other maker, based on the same transaction, since the evidence, being insufficient to sustain the plea of the other maker, would not have sustained the plea to which the demurrer was sustained.

3. APPEAL AND ERROR ☞1012(1)—FINDING NOT PLAINLY AGAINST EVIDENCE NOT DISTURBED.

Where the trial court's finding is not plainly palpably contrary to the weight of the evidence, the finding will not be disturbed on appeal.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Assumpsit by F. M. Deer against the National Timber Company and one Eichberg. Judgment for plaintiff, and defendants appeal. Affirmed.

Yerger & Foster, of Mobile, for appellants.

The judgment was against the great weight of the evidence. 201 Ala. 647, 79 South. 119. The court erred in sustaining demurrers to the pleas of the defendant Eichberg. 142 Ala. 449, 38 South. 259; 42 Ala. 255; section 5858, Code 1907.

Gordon & Edington, of Mobile, for appellee.

While section 5858 gives the right to file the plea, the plea must conform to section 2489, Code 1907. 132 Ala. 247, 31 South. 90, 90 Am. St. Rep. 902; 57 Ala. 457. Even if error, it was without injury, since the codefendant failed in proof of the same plea.

MERRITT, J. This is a suit on a promissory note executed by the defendants, the National Timber Company, a corporation, and M. H. Eichberg, payable to the First National Bank of Evergreen, Ala., which was indorsed to and shown to be the property of one F. M. Deer, appellee here and plaintiff below; the amount sued for being the face of said note, viz. $100 and attorney fee. The defendant M. H. Eichberg filed a separate plea of set-off against the demand of the plaintiff and claimed judgment for the excess, alleging that the plaintiff became liable to the National Timber Company in the amount aforesaid by contract in the month of July, 1916, whereby the plaintiff had contracted to deliver to said company, at Mobile, Ala., 50,000 feet of poplar lumber at $15 per thousand, and, notwithstanding the company was ready and willing and able to carry out its

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 204 Ala. 698, 85 South. 921.

part of said contract, plaintiff defaulted and failed to perform his part of the contract, in that he delivered only 24,125 feet of said lumber and failed and refused to deliver the balance, therefore, and before the commencement of the suit for sufficient consideration, that he (Eichberg) acquired said company's claim against the plaintiff for said damages, and that he is now the owner of the same, and pleads said damages as offset to the plaintiff's demand.

[1] Demurrers were interposed to this plea, setting up, in substance, that the plea was only available to the National Timber Company as a set-off and that the defendant Eichberg had no legal right to offer the same. These grounds of demurrer were sustained, and in sustaining these demurrers we are of the opinion that the court committed error. The defendants were jointly and separately liable to satisfy the plaintiff's demand, and, this being true under the decisions, a demand to either defendant from the plaintiff is a good set-off. McKeithen v. Pratt & Co., 53 Ala. 116; Carson v. Bonds, 1 Ala. 93; Jones v. Jones, 12 Ala. 244.

The defendants jointly and severally pleaded the same facts as set out in the plea of Eichberg, and demurrers were sustained to each, except the plea of the defendant National Timber Company, and on its plea of set-off issue was joined and on a trial by the court judgment was rendered for the plaintiff. While separate assignments of error are made as to the ruling of the court on each of these pleas, the view we take of this case does not make a consideration of them necessary.

[2] The defendant Eichberg, having separate assignment of error, complains that he was injured by the ruling of the court in sustaining demurrers to his pleas, for the reason that he was not able in his own way to avail himself of the benefits which said pleas would have given him in this case. It appears from a consideration of the pleas, the facts set out therein, and the contract entered into by the defendant the National Timber Company and Deer, and all of the evidence introduced in the trial of the case, that this was all one and the same transaction, growing out of the same demand on the part of the plaintiff and claim or claims on the part of the defendant or defendants, or either of them. So while it is apparent to us that the court committed error in its ruling on demurrers to the defendant's plea, it appears that it was error without injury, for the reason that if the National Timber Company could not prove the matter alleged in its set-off to the satisfaction of the court, which were the same facts alleged and set up in the defendant Eichberg's pleas, then surely Eichberg could not have proven his plea of set-off, as he would, of necessity, have had to use the same facts and evidence. The National Timber Company based its plea upon the identical transactions; issue was joined on the plea; evidence was all introduced; and it appears that the court tried the case without a jury, had all the witnesses before it, with a chance to see their manner and demeanor on the stand, and after consideration of the facts found for the plaintiff. Had the National Timber Company succeeded in proving its plea of set-off to the satisfaction of the court, its plea of set-off would have ended plaintiff's right of action against both parties defendant, Eichberg and the National Timber Company. Had the defendant, the National Timber Company's plea been sustained, both of the defendants would have received the benefit of said plea and the plaintiff would have lost his case. We cannot see what basis of complaint either defendant has as to which one was given the right to interpose the plea. It was a plea where the same facts would, of necessity, have been used, no matter in whose name the plea was imposed. It was, in effect, for the mutual benefit of both, and had the National Timber Company sustained its plea of set-off by evidence sufficient in the opinion of the trial court, then the plaintiff's action was at an end, and judgment would have been against him and in favor of defendants.

[3] One of the grounds of the assignment of error is based upon the proposition that the judgment of the court was plainly contrary to the great weight of the evidence. We have carefully considered all the evidence in this case; the trial court had the advantage of seeing and hearing the witnesses, and, it not appearing that the conclusion reached is plainly palpably contrary to the weight of the evidence, we will not disturb the finding of the judgment of the court. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Thompson v. Collier, 170 Ala. 469, 54 South. 493, and decisions there cited.

The judgment of the trial court will be affirmed.

Affirmed.