(90 South. 281)

## GULF COAST LUMBER CO. v. MILES.
### (1 Div. 206.)

(Supreme Court of Alabama.   Oct. 13, 1921.)

1. Appeal and error ⚖⇒1078(1)—Assigned errors not argued presumed abandoned.

Errors assigned, but not argued, in appellant's brief will be presumed abandoned, and not considered.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Attachment ☞307—Issue on trial of right to property is defendant's ownership.**

On the trial of a claim to lumber, attached by plaintiff for the purpose of enforcing a lien for hauling it, under Gen. Acts 1915, p. 374, issue was whether the lumber was the property of the attachment defendant and liable to satisfaction of the writ of attachment, in view of Code 1907, § 6040.

**3. Attachment ☞296—Claimant held only a mortgagee, and not entitled to maintain claim on affidavit not showing that fact.**

Where a grantee of timber assigned all his right, title, and interest in the timber to claimant to secure advances made by the claimant, the claimant, who had taken possession, was at most a mortgagee in possession with title subject to be divested by payment of the secured debt, and under Code 1907, § 6043, could not maintain a claim to lumber manufactured from the timber and attached by a third person on an affidavit which did not state that its claim was based on a mortgage, and the timber deed, the transfer to the claimant, and the contract between the grantee and the claimant were irrelevant and incompetent; no request for permission to amend the affidavit, under section 2965, having been made.

**4. Logs and logging ☞32—Lien for labor extinguished by payment of debt secured.**

Under Code 1907, § 4899, payment of the debt for hauling lumber extinguishes the lien therefor under Gen. Acts 1915, p. 374.

**5. Appeal and error ☞1011(1)—When evidence as to payment in clear conflict, question was for trial court.**

On the trial of a claim to lumber, attached by plaintiff for the purpose of enforcing a lien for hauling it, where there was a clear conflict as to the payment of plaintiff's debt, the conclusion of the trial court has the effect of a verdict, and should not be disturbed unless contrary to the great weight of the evidence.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Attachment by W. H. Miles against Robert J. Gillespie, with claim by the Gulf Coast Lumber Company to the property attached. Judgment for the plaintiff in attachment, and the claimant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

H. T. Pegues, of Mobile, and Q. W. Tucker, of Grove Hill, for appellant.

Counsel discuss the errors assigned, but they cite no authority in support of their contentions.

T. J. Bedsole, of Grove Hill, for appellee.

The following authorities demonstrate that the judgment of the lower court was correct. 157 Ala. 91, 47 South. 226; 16 Ala. App. 605, 80 South. 179; 204 Ala. 144, 85 South. 397; 201 Ala. 527, 78 South. 881; 129 Ala. 424, 30 South. 667; 103 Ala. 260, 15 South. 611; 119 Ala. 27, 24 South. 458; 174 Ala. 190, 56 South. 726, L. R. A. 1918B, 924; 134 Ala. 259, 32 South. 664; 17 Ala. App. 233, 84 South. 423.

MILLER, J. This is a trial of right of property suit with W. H. Miles as plaintiff, Robert J. Gillespie as defendant, and Gulf Coast Lumber Company, a partnership, as claimant.

The property involved is 20,000 feet of lumber. It was levied on under attachment as the property of Robert J. Gillespie, sued out by W. H. Miles, claiming $356.70 due him by defendant for hauling the lumber and timber for the defendant, and claiming a lien on said lumber for the hauling. The Gulf Coast Lumber Company made affidavit and gave claim bond and took possession of the lumber.

The cause was tried under issue joined as required by section 6040 of the Code of 1907 by the court without a jury. There was judgment for plaintiff, and claimant appeals.

[1] The errors assigned are many. Those argued and insisted on by appellant, the claimant, are few. Those argued in brief of claimant will be considered. The others will be presumed to have been abandoned. L. & N. R. R. Co. v. Abercrombie, 17 Ala. App. 233, 84 South. 423.

Under the affidavit, writ of attachment, and testimony introduced in evidence, the plaintiff claims a lien on lumber attached for $356.70 due him by defendant for hauling this timber and lumber; that the defendant had a sawmill and manufactured timber into lumber, and employed him [plaintiff] to haul this timber and lumber and owes him therefor said sum.

Under the act approved September 10, 1915 (Gen. Acts 1915, p. 374):

A "laborer or employee * * * of any person * * * engaged in * * * hauling or manufacturing of any kind of timber * * * shall have a lien for his wages on any * * * lumber * * * for all debts or wages due him in * * * hauling * * * said timber [or] lumber." Section 1.

This "lien shall have priority over all other liens, mortgages or incumbrances created subsequent to the beginning of the work or labor done in the * * * hauling of said lumber or timber." Section 2.

Section 4 of this act provides how this lien can be enforced by attachment.

"The existence of the plaintiff's debt as well as the fact the attachment was levied, the claimant, by assuming the position of claimant in the attachment suit, is held in legal effect to admit." Schloss v. Inman, Smith & Co., 129 Ala. 424, 30 South. 667.

[2] The issue was whether the lumber claimed was the property of Robert J. Gil-

lespie, the defendant in the writ of attachment, and liable to its satisfaction. Schloss v. Inman, 129 Ala. 424, 30 South. 667; Sloan v. Hudson, 119 Ala. 27, 24 South. 458; section 6040, Code 1907.

[3] The evidence of plaintiff tended to show the defendant was in possession of the lumber when levied on and its value was proven. The claimant offered in evidence a deed by Horace Peoples and wife to Robert J. Gillespie conveying all merchantable timber on certain land therein described; also an assignment and transfer by Robert J. Gillespie to claimant of all his rights, title and interest in the timber in said deed. This transfer is signed by claimant in the presence of two subscribing witnesses. Then follows on same transfer instrument the following signed by claimant and defendant:

"The object and purpose of the foregoing assignment is to secure the Gulf Coast Lumber Company, for advances heretofore or hereafter made by the said Gulf Coast Lumber Company, to the said Robert J. Gillespie, touching the subject-matter of the contract this day entered into between the aforesaid parties; this to be in addition to any other security required to be given under the terms of the aforesaid contract.

"Done this, the 2d day of March, 1920.
"[Signed] Robert J. Gillespie.
"Gulf Coast Lumber Co.,
"Per H. W. Johnson.
"Witness:
"H. T. Pegues.
"Elizabeth Mayers."

This contract referred to in this agreement was not offered in evidence. The deed was duly acknowledged, and it and the transfer and agreement were all duly recorded in the probate office of Clarke county, Ala.

The plaintiff objected to the introduction in evidence of said deed, transfer, and agreement. The court sustained the objection. This is assigned as error, and it is insisted on by appellant. Did the court err in this?

The oral testimony of claimant clearly established the intent of said transfer and contract was to secure advances made by claimant to the defendant; that it was intended as a mortgage on said timber to secure past and further advances; that the lumber attached was made from timber on said land; that defendant owed claimant as high as $10,000, which was reduced at the time of the levy to about $3,560, secured by lien on said timber and this lumber, under said transfer and contract. The evidence of claimant also tended to show that this lumber was manufactured by claimant, that claimant under the security contract had taken possession of the mill and timber of defendant, was operating it under contract with defendant, and the net proceeds were applied as a credit on said security debt. The claimant in its affidavit stated:

"That, as a matter of fact, the said Gulf Coast Lumber Company long prior to and at the time of the aforesaid levy owned and now owns the legal title in and to the aforementioned property so seized by the sheriff, and the defendant, Robert J. Gillespie, had at the time of the levy and now has no interest in the same."

"When the claim interposed is based on a mortgage or lien the claimant must state in his affidavit the nature of the right which he claims, and in case such claim is sustained on the trial, the amount of it * * * must be ascertained by the jury, judge, or the justice, as the case may be." Section 6043, Code 1907.

At best, from the testimony of claimants, they are mortgagees in possession of the lumber with title subject to be divested by payment of the secured debt. Maxwell v. Moore, 95 Ala. 166, 10 South. 444, 36 Am. St. Rep. 190. The claimants failed in their affidavit interposing claim to the property seized to state the nature of the right by which they claim the property was through a mortgage or lien. They were therefore not entitled to recover as mortgagees. Hence the deed. the written transfer of the timber therein to claimants, and the written contract between defendant and claimants were irrelevant and incompetent evidence. They were evidence of the fact that the title to the timber, from which the lumber seized was manufactured, was in claimants as mortgagees. Under this affidavit a mortgage or lien would not support the claim. The court did not err in sustaining plaintiff's objection to their introduction in evidence. Hall & Brown v. Haley, 174 Ala. 190, 56 South. 726, L. R. A. 1918B, 924; Ivey v. Coston, 134 Ala. 259, 32 South. 664; Bennett v. McKee, 144 Ala. 601, 38 South. 129; section 6043, Code 1907. Such defects in affidavits may be cured by amendment to meet the evidence. The law expressly permits it by the court on proper application. The permission was not requested of the court in this case. Sections 6043 and 2965, Code 1907.

[4] The claimants insist that the judgment of the court in favor of plaintiff was error. In brief it is insisted that plaintiff has no lien on the lumber for hauling it or the timber, as the debt was paid him by claimant before the attachment was sued out. Payment of a mortgage or lien debt extinguishes the mortgage or lien. There can be no lien or mortgage if there is no debt for it to secure. Payment of the mortgage debt divests the title passing by it. Payment of a debt for which a lien is given by law extinguishes the lien. Section 4899, Code 1907; Maxwell v. Moore, 95 Ala. 166, 10 South. 444, 36 Am. St. Rep. 190.

[5] However, the fact as to payment of the debt for hauling the lumber and timber is in striking, strong, conflict with the testimony of each side. This fact is not established clearly and convincingly by either party. It is in clear conflict. It is a question for the court, sitting as a jury, to settle.

The conclusion of the court has the effect of the verdict of a jury. It saw the manner and demeanor of the witnesses, heard them testify, could judge of their credibility, and its conclusion from the oral testimony should not be disturbed unless contrary to the great weight of the evidence. We have read the evidence. It is too conflicting on the material issues for us to disturb the finding and the conclusion of the trial court on the oral testimony of witnesses. Jackson v. Hagin, 17 Ala. App. 216, 84 South. 547; Nat. Timber Co. v. Deer, 17 Ala. App. 295, 84 South. 865.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.