(91 South. 480)

## AMERICAN BONDING CO. OF BALTIMORE v. FOURTH NAT. BANK OF MONTGOMERY. (3 Div. 522.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 17, 1921.)

**I. Subrogation ⊜⇒41 (I)—Enforceable alone in equity.**

Where complainants seek relief on ground of subrogation, the suit must be in equity, since subrogation is enforceable only in equity.

**2. Limitation of actions ⊜⇒179(2)—Allegations of fraud held sufficient to prevent running of limitations.**

Under Code 1907, giving a defrauded party one year in which to sue after discovery of fraud, in a suit by a surety on a guardian's bond for subrogation to the rights of the ward against a bank for participating with the guardian in conversion of the ward's property, a complaint alleging that the ward did not know at the time of conversion and does not yet know of the facts alleged which made defendant a participant in the breach of trust, and that previous to filing a bill against the guardian and plaintiff, as his bondsman, the ward, on inquiring about the disposition of the funds belonging to the trust estate, was informed by defendant that the guardian had closed his account, which was all defendant knew about it, was a sufficient allegation of fraud to prevent the running of the statute of limitations.

**3. Limitation of actions ⊜⇒100(2)—Character of fraud sufficient to prevent running of statute stated.**

Code 1907, § 4852, providing that in cases of fraud a cause of action shall not be considered as having accrued until the fraud is discovered, from which time the aggrieved party has one year within which to sue, is an affirmation of the rule which prevailed in equity, except as to the time limit, and the character of fraud necessary is determined on principles established under the rules in equity.

**4. Subrogation ⊜⇒41 (5)—Allegations held not to show that a ward elected not to hold defendant guardian liable for conversion of property.**

In a suit by a surety on a guardian's bond for subrogation to the rights of the ward against defendant for participating in conversion of the ward's property with the guardian, an allegation that the ward was, and still is, ignorant of any liability of defendant for the conversion, precludes the defense that the bill shows that the ward elected not to hold defendant liable by filing a claim against the estate of the guardian.

**5. Estoppel ⊜⇒68(2)—Surety on guardian's bond held not estopped to sue for subrogation to rights of ward.**

A surety on a guardian's bond is not estopped to sue for subrogation to the rights of a ward to hold defendant liable for conversion of the ward's property because the surety contested a suit by the ward against defendant and the guardian for conversion of the property.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by the American Bonding Company of Baltimore against the Fourth National Bank of Montgomery for subrogation and to hold the said Bank as trustee for certain funds. From a decree, sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

For former opinion, see 205 Ala. 652, 88 South. 838.

Paragraph 8½ of the amended complaint follows:

"And the complainant avers that the said Estelle Manegold (Beaven) was a minor when said funds belonging to her said estate were misappropriated by the said George Manegold and paid to the said Fourth National Bank of Montgomery as aforesaid; that she has never had nor yet has knowledge of said payments to the said the Fourth National Bank of said funds belonging to her said estate by the said George Manegold; and the complaint further avers that prior to filing her said suit against the said George Manegold and this complainant the said Estelle Manegold (Beaven), through her husband, who informed the officers of said bank that he was acting for her, made inquiries of the respondent in an effort to ascertain what disposition the said George Manegold had made of the funds of her said estate, and her said husband was told by the vice president of said bank in substance that George Manegold had had an account with said bank as guardian, but that said account had long since been closed, and that was all they knew about it that the said Estelle Manegold (Beaven) did not know she had a cause of action against the said the Fourth National Bank when her said suit was filed; and the complainant further avers that the said Estelle Manegold (Beaven) does not now know and has never known she has or has ever had a cause of action against the said the Fourth National Bank on account of its receiving said trust funds with notice or because of its participation in the diversion of said funds by the said George Manegold as aforesaid."

Stuart Mackenzie and Ball & Beckwith, all of Montgomery, for appellant.

Having paid the judgment as surety to the guardian, complainant is subrogated to all the rights of both the guardian and the ward against a third party. 104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 669; 127 Tenn. 720, 157 S. W. 414. The bank had actual notice that the funds were impressed with a trust and had cognizance of the existence of the trust. 79 Ala. 201, 58 Am. Rep. 590; 67 Ala. 406; 94 Ala. 466, 10 South. 546, 15 L. R. A. 544; 86 Md. 400, 38 Atl. 983, 39 L. R. A. 84, 63 Am. St. Rep. 513; and authorities supra. Under these authorities, the bank became a trustee in invitum. 86 Ala. 282, 5 South. 488. Under these authorities, the statute of limitations did not obtain.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Weil, Stakely & Vardeman, of Montgomery, for appellee.

Complainant is barred by the statute of limitations. 205 Ala. 652, 88 South. 838. The amended bill did not give complainant any right, under section 4852, Code 1907. It is not alleged that the ignorance of the ward was superinduced by the fraud of the bank. 67 Ala. 45; 91 Ala. 467, 8 South. 404; 158 Ala. 318, 48 South. 507, 132 Am. St. Rep. 29; 195 Ala. 534, 70 South. 662; 199 Ala. 602, 75 South. 291; 200 Ala. 353, 76 South. 121; 143 Ala. 427, 39 South. 403. To declare a trust on a fund, the fund or the property into which it has gone must be distinctly traced and identified. 85 Ala. 221, 4 South. 740, 7 Am. St. Rep. 42; 180 Ala. 291, 60 South. 868; 195 Ala. 552, 70 South. 754; 104 Ala. 297, 16 South. 110. The statute of limitations applied. 91 Ala. 468, 8 South. 404; 200 Ala. 358, 76 South. 124; 67 Ala. 45; 158 Ala. 318, 48 South. 507, 132 Am. St. Rep. 29.

GARDNER, J. The bill in this cause is filed by the American Bonding Company against the Fourth National Bank, seeking to hold the bank accountable as trustee of certain funds of one Estelle Manegold, alleged to have been received by the bank from the guardian of said Estelle Manegold with knowledge of the trust character thereof, and alleging an active participation by the bank in the conversion of said funds by the guardian in the payment of an individual debt of the guardian to the bank. The American Bonding Company, as surety upon the bond of said guardian, was forced to make good the shortage of the latter, and seeks by the present bill to be subrogated to the rights of Estelle Manegold, the ward.

The original bill was before this court on decree on demurrers, and is found reported. American Bonding Co. v. Fourth Nat. Bank, 205 Ala. 652, 88 South. 838. The opinion upon the former appeal presents the salient facts set forth in the original bill, which will not here be repeated; a reference thereto being considered sufficient for that purpose. After setting out paragraphs 5 and 7, and stating other important facts alleged in the bill, the summary thereof was stated by the court on former appeal in the following language:

"As it appears from this statement of the bill, it is averred expressly that the loan was made to George Manegold, in the name of Joseph Manegold & Co., and that, to the actual knowledge of the bank, this company was but the trade-name—a commercial alter ego—under which George Manegold conducted his business. The necessary result from these averments is that the check by George Manegold, guardian, passing the trust fund to Joseph Manegold & Co., was in effect a conversion of that fund to George Manegold individually, with the knowledge of the bank, and that, when 'Joseph Manegold & Co.' gave the checks described to the bank to pay this Manegold loan, they were, to the knowledge of the bank, in effect the individual checks of George Manegold to the bank to pay the individual debt of George Manegold to the bank while so advised in the premises. Under the facts and knowledge averred, the process pursued was nominally indirect, circuitous; but this course contributed, in legal effect, nothing different had the process been direct, instead of circuitous, omitting the nominal interposition of 'Joseph Manegold & Co.' These acts, with the knowledge the bank is averred to have had, characterized the bank a participant, to its advantage, in the misappropriation of the trust fund to the extent it was thus absorbed, and so notwithstanding it is not specifically alleged in the bill that the bank entertained such design when the loan was thus made."

The majority of the court were of the opinion that the averments of the bill constituted the bank a trustee in invitum, a trustee of a constructive trust, and that as such it was entitled to the benefit of the statute of limitations, and it was upon this point only that the court was divided.

Upon this appeal it is insisted by counsel for appellee that the bill shows Estelle Manegold had a plain and adequate remedy at law for money had and received, and that, as the funds here sought to be recovered have been commingled with other funds and cannot be identified, there is therefore no occasion for resort to a court of equity. Ellison v. Moses, 95 Ala. 221, 11 South. 347; Nixon St. Bk. v. First St. Bk., 180 Ala. 291, 60 South. 868, among other authorities.

[1] Whether or not this insistence has merit as applied to Estelle Manegold we need not stop to inquire. Complainants to this bill seek relief upon the principle of subrogation, which is an equitable doctrine enforceable alone in that jurisdiction. Ex parte Brown, 58 Ala. 536; Sheldon on Subrogation, §§ 1–4; Dothan Gro. Co. v. Dowling, 204 Ala. 224, 85 South. 498.

Upon the former appeal in the expression of the views of the majority it was expressly stated that the bill did not pretend to charge any fraud or concealment such as would relieve the case from the bar of the statute of limitations. After affirmance of the decree, the complainant amended the bill by the addition of paragraph 8½, which will be set out in the report of the case; and it is insisted that the averments in this additional paragraph sufficiently show such a fraud or concealment as to bring the case from without the bar of the statute. The court below sustained the demurrer to the bill as amended, and the question presented by the additional paragraph is one of prime importance upon this appeal.

[2] Counsel for appellee insist that the averments of fraud are not sufficient under our decisions, and add nothing to the case

made by the original bill, quoting the oft-repeated assertion in our decisions that—

"Ignorance of right in the party complaining, there being no more than passiveness, mere silence, on the part of his adversary, cannot be ingrafted as an exception on the statute of limitations, without a destruction of its wise policy, and without an encouragement of mere negligence." Underhill v. Mobile Fire Ins. Co., 67 Ala. 45.

And the expression found in Van Ingin v. Duffin et al., 158 Ala. 318, 48 South. 507, 132 Am. St. Rep. 29:

"In the absence of a fiduciary relation between the parties, imposing the moral and legal duty to disclose, there must be some act or conduct calculated to mislead or deceive or to lull inquiry."

We do not understand the averments of paragraph 8½ come within the influence of these authorities. It is expressly averred that Estelle Manegold did not know at the time, and does not know as yet, of the facts alleged which constituted the bank a participant in the breach of trust, and that previous to filing the bill against the guardian and surety on his bond she made inquiry of the bank as to the disposition of the funds constituting the trust estate, and was informed that the guardian had had an account in the bank, which was long since closed, and that was all the bank knew about it.

[3] Under section 4852, Code 1907, where one seeks relief on the ground of fraud which is barred by the statute, the cause of action will not be considered as having accrued until the discovery by the aggrieved party of the facts constituting the fraud, after which he must have one year within which to prosecute his suit. This statute being a mere affirmation and application to legal remedies of the rule which previously prevailed in equity where fraud had been concealed by a party against whom a cause of action existed, with the modification as to the time limit, it has been held that the character of the fraud sufficient in such case is to be determined on the principles established under the rules in equity. Tillison v. Ewing, 91 Ala. 468, 8 South. 404.

In Mullen v. Walton, Adm'r, 142 Ala. 166, 39 South. 97, this court, in discussing the question here considered, said:

"Where there is added to that ignorance the additional element of fraudulent concealment, by the party sought to be charged, from the party seeking relief, of the facts constituting the rights claimed, it would seem to be a strange perversion of a wise principle of law to allow the party guilty of the fraud to profit by his own wrong, and to presume that the trust had been settled when the evidence shows that the trustee was concealing it, with the determination of not settling it, and that the cestui que trust had been kept in ignorance of his rights, by the act of the other party. * * *

206 ALA.—41

"It has been well said by the Supreme Court of the United States that 'to hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure.' Rosenthall v. Walker, Assignee, 111 U. S. 185, 190."

And in 12 R. C. L. §§ 70, 71, we find the following statement supported by authority as well as sound reasoning, and good morals:

"Where one responds to an inquiry, it is his duty to impart correct information, and he is guilty of fraud if he denies all knowledge of a fact which he knows to exist, or if he gives equivocal, evasive, or misleading answers calculated to convey a false impression, even though literally true as far as they go, or if he fails to disclose the whole truth. * * *

"Even though one is under no obligation to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which will materially qualify those stated. If he speaks at all, he must make full and fair disclosure. To tell half a truth has been declared to be equivalent to the concealment of the other half. A partial and fragmentary disclosure, accompanied by the willful concealment of material and qualifying facts is not a true statement, and is as much a fraud as an actual misrepresentation, which, in effect, it is. Therefore, if one willfully conceals and suppresses such facts, and thereby leads the other party to believe that the matters to which the statements made relate are different from what they actually are, he is guilty of a fraudulent concealment."

We have reached the conclusion that the averments of the bill as amended bring the case within the influence of these latter authorities.

The argument of counsel for appellee to the effect that the bank merely remained silent, and was under no duty to speak or answer inquiry or disclose the contents of its books to Estelle Manegold, constitutes no sufficient answer to the averments of fraud now contained in the bill. She was ignorant of any participation by the bank of the conversion of any funds belonging to her estate and made inquiry of the vice president, according to the averments of the bill, as to the disposition of these funds. Taking as true the averments of the bill, it discloses that the bank at that time knew that the guardian of Estelle Manegold had converted her funds in satisfaction of his individual debt to the bank, and that the latter had thereby reaped the benefit of the conversion. A fraud of that character was one that concealed itself, accomplished by the guardian with the active assistance of the bank, and could hardly be disclosed except by an examination of the books or admission of the parties. The answer to the inquiry amount-

ed to a denial of all knowledge of these facts. It merely informed the inquiring party that the books of the guardian had been closed, and that was all the bank knew about it. This was but a statement of a half truth, and a concealment of the most material facts. Under the foregoing authorities, the bank, having attempted to answer the inquiry, was under a duty to make a full and fair disclosure, for, as has been stated, to tell a half truth is a concealment of the other half. We are of the opinion, therefore, that the averments of fraud introduced in the bill by the last amendment are sufficient to take the case from out the bar of the statute, and the demurrer taking this point should have been overruled.

[4] Counsel for appellee insist that the bill shows that Estelle Manegold has waived all right to fasten any liability against the respondent, and that the complainant is necessarily bound by such waiver. The alleged waiver is said to arise from the fact that the bill discloses that Estelle Manegold filed a claim in the bankrupt court against the estate of her guardian, and received therefrom dividends in part satisfaction for his conversion of her funds, and that, as she thus sought to hold the guardian personally responsible, it constituted an election or waiver to hold the bank liable. We do not consider the case of Sayre. v. Weil, 94 Ala. 466, 10 South. 546, 15 L. R. A. 544, supports this contention, but are inclined to the view that what was said by this court in Lee v. Lee, 67 Ala. 406, and Wolffe v. State, 79 Ala. 201, 58 Am. Rep. 590, answers the contention made as applied to the facts here presented. But, aside from this, the bill shows that Estelle Manegold was entirely ignorant of any right she might have to fasten liability upon the respondent in this case, and still remains ignorant. It is therefore clear that she could not have made an election or been bound by any such alleged waiver.

[5] The bill with the exhibits disclose that the suit by Estelle Manegold against her guardian and this respondent to set aside the fraudulent receipt and decree rendered thereon, and to fasten liability upon the respondent, was litigated, and reached this court upon appeal. It is argued that the complainant here by contesting that litigation sought to uphold the fraud of the guardian, and should be denied relief upon the doctrine that it does not come into a court of equity with clean hands. This insistence is without merit, and we deem a discussion thereof unnecessary.

Two other questions presented in brief for appellee concern the amount of the recovery in the event liability should be fastened upon the respondent bank; but it may be doubted that these questions are really presented by the demurrer interposed. In any event, they were clearly not considered by the court below, nor are they embraced in the decree, which merely overrules the demurrer to the bill as amended, and are not treated in brief by counsel for appellant. As they do not concern the equity of the bill, and were clearly not considered in the court below nor embraced within the decree rendered, we deem it unnecessary to treat them at this time.

For the reasons indicated in the foregoing opinion, the decree of the court below is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.