(108 So. 347)

## HAMMOND v. WHITE. (8 Div. 849.)

(Supreme Court of Alabama. April 15, 1926.)

I. Execution ⟨Key⟩194(2)—Where surety failed to take assignment of mortgage on paying it, mortgage was erroneously admitted at trial of claim case.

Where landlord paid tenant's debt, secured by mortgage for which he was surety, but failed to take assignment of mortgage, it should not have been admitted in evidence on trial of landlord's claim to property levied on under execution.

2. Appeal and error ⟨Key⟩882(8)—Claimant's error in relying on insufficient title could not be corrected on his appeal.

In proceeding on claim to property levied on under execution, claimant's error in relying on mortgage which was inadmissible because debt had been paid could not be corrected on his appeal.

3. Execution ⟨Key⟩184—Affidavit of claim to property levied on under execution, which failed to state nature of claim, was insufficient, and proof of landlord's lien was unavailing (Code 1923, § 10379).

Affidavit of claim to cotton on which plaintiff levied execution to effect that property did not belong to plaintiff, but that affiant had just claim thereto, without stating nature of such claim as required by Code 1923, § 10379, was insufficient, and proof of claimant's title under landlord's lien was unavailing, though there was no objection to sufficiency of affidavit.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Claim suit between H. F. White, plaintiff in execution, and J. W. Hammond, Jr., claimant. From a judgment for plaintiff, claimant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

See, also, 108 So. 346.

A. A. Williams, of Florence, for appellant.

Counsel argues for error in the judgment, but without citing authorities.

Bradshaw & Barnett, of Florence, for appellee.

The claimant did not show in his affidavit the nature of his claim; the mortgage introduced was illegal evidence. There being nothing upon which to rest a finding for claimant, judgment properly went for plaintiff. Code 1923, § 10379; Gulf Coast L. Co. v. Miles, 90 So. 281, 206 Ala. 429; Ivey v. Coston & Co., 32 So. 664, 134 Ala. 259; Hall & Brown v. Haley, 56 So. 726, 174 Ala. 190, L. R. A. 1918B, 924; Bennett v. McKee, 38 So. 129, 144 Ala. 601.

SAYRE, J. Plaintiff White recovered judgment against one Burney in March, 1924. This judgment was recorded in the office of the judge of probate in April. October 3, 1924, execution was issued and levied on a bale of cotton as the property of the defendant in execution. Appellant interposed a claim, and a trial of the right of property followed. The trial was had before the court and without a jury.

[1, 2] Burney was a tenant on claimant's land during 1924, and the bale of cotton in controversy in this suit was raised on that land by Burney during that year. Appellant now claims right and title in virtue of his lien as landlord. At the trial he darkened counsel by introducing a mortgage which antedated plaintiff's judgment; but the mortgagee named in the instrument was an outsider, and claimant had joined in its execution and in the notes secured by it for the purpose, as the evidence disclosed, of becoming surety for the tenant's debt to the mortgagee. His testimony showed further that he had paid the debt secured by the mortgage, but he had taken no transfer, if it be conceived that he might have bettered his position by taking an assignment of a mortgage in which he appeared as mortgagor. So far as appears from the record, the only issue suggested in the trial court was based upon the question of priority between plaintiff's

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

judgment lien and claimant's mortgage. The mortgage introduced by claimant should have been excluded on plaintiff's objection, and it may be that claimant, relying upon the mortgage thus admitted in evidence, concluded that his mortgage title, so to speak, would prevail. If that was his error, it cannot be corrected on this appeal.

[3] Now claimant contends that he had and proved a landlord's lien superior to the lien of plaintiff's judgment. And clearly he did. But the claim he filed had not alleged a lien in virtue of his landlordship, and under repeated decisions of this court he could not prevail by reason thereof. Gulf Coast Lumber Co. v. Miles, 90 So. 281, 206 Ala. 429; Hall & Brown Woodworking Mach. Co. v. Haley Furniture & Mfg. Co., 56 So. 726, 174 Ala. 190, L. R. A. 1918B, 924; Bennett v. McKee, 38 So. 129, 144 Ala. 601; Ivey v. Coston, 32 So. 664, 134 Ala. 259. This, for the reason, as stated in the cited cases, that, in his affidavit of claim, claimant had failed to state the nature of the right he claimed as the statute (Code, § 10379) required him to do. His affidavit was that the bale of cotton "is not the property of the said E. B. Burney, but is the property of J. W. Hammond, affiant, and that affiant has a just claim to the property levied on." According to the decisions referred to, this statement did not comply with the statute and would not support the claim. According to the same decisions a like reason would have prevented claimant's recovery, even though he had shown a superior mortgage title—all this, according to the decisions, notwithstanding no objection was taken against the form or substance of appellant's affidavit of claim.

It results that the judgment must be affirmed

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.