(112 So. 211)

### REA v. KELLER. (8 Div. 947.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

**1. Subrogation ⊜⇒41(1)—One lending money to pay mortgage on chattels to which subordinate judgment lien has attached cannot, in claim suit, claim priority by subrogation to mortgagee's rights.**

One lending money to judgment debtor to pay existing mortgage on chattels to which the judgment lien subordinate to mortgage had already attached, cannot claim to be subrogated to lien of mortgage in statutory claim suit; the doctrine of subrogation being enforceable only in equity.

*On Rehearing.*

**2. Execution ⊜⇒181—Title referred to in claim suit statute must be existing and not one which can only be established in equity (Code 1907, § 6039).**

Code 1907, § 6039, providing that a suit may be instituted by a stranger to a writ levied upon personal property who claims title, legal or equitable, or a paramount lien, refers to existing title or lien and not one which can only be established by proceedings in equity.

**3. Statutes ⊜⇒225¾—Re-enactment of statute after construction by intermediate or inferior court is not legislative adoption of such construction.**

The doctrine of legislative construction by readoption of statute previously receiving well-known interpretation by Supreme Court does not apply to decisions of inferior or intermediate courts.

Appeal from Circuit Court, Franklin County; Norman Gunn, Special Judge.

Claim suit between Charley Keller, plaintiff in execution (Charles E. Oliver, defendant), and Claren Rea, claimant. From a judgment granting plaintiff's motion for new trial, claimant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Stell & Quillin, of Russellville, for appellant.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

REA v. KELLER 673

Under the statute, any person holding a claim, either legal or equitable, to personal property, may institute a claim suit to try his rights to it at law, as though he had the legal title. Code 1923, § 10375; Amer. T. & S. Bank v. Turner, 16 Ala. App. 602, 80 So. 176; Sanders v. Rogers, 16 Ala. App. 231, 77 So. 69. Conventional or equitable subrogation may be enforced in a claim suit. Amer. T. & S. Bank v. Turner, supra. Fidelity & Deposit Co. v. Richeson, 213 Ala. 461, 105 So. 193; Arnett v. Willoughby, 190 Ala. 530, 67 So. 426; Allen v. Caylor, 120 Ala. 251, 24 So. 512, 74 Am. St. Rep. 31. The mortgage from Oliver to Lunsford was admissible in evidence without a written transfer. Amer. T. & S. Bank v. Turner, supra; Sanders v. Rogers, supra.

J. Foy Guin, of Russellville, for appellee.

A title acquired by one from a judgment debtor, subsequent to the accrual of the judgment lien, is subordinate to the rights of the judgment creditor. Wilkerson v. Sellers & Orum, 161 Ala. 529, 49 So. 874. Where the claimant has paid the mortgage of the defendant, such mortgage having been a prior lien to that of plaintiff, the mortgage is not admissible in evidence, in the absence of a written transfer. The trial court erred in admitting same, and properly granted motion for new trial. Plaintiff was entitled to the affirmative charge. Hammond v. White, 214 Ala. 431, 108 So. 347. Subrogation is enforceable alone in a court of equity. Amer. Bond. Co. v. 4th Nat. Bank, 206 Ala. 639, 91 So. 480.

ANDERSON, C. J. This case involved the trial of the right of property, and there was verdict for the claimant which was set aside by the court upon motion of the plaintiff, and this appeal is from the judgment of the court granting said motion.

[1] The plaintiff had a judgment lien against the defendant, Oliver, but which was subject to a prior mortgage on the mules levied upon and which had been given by the defendant to Lunsford, but the Lunsford mortgage was paid by the defendant and surrendered to him (the said defendant). There was no transfer or assignment of said mortgage to the claimant, Rea, or any one else. The defendant gave Rea, the claimant, a mortgage on the mules, but subsequent to the accrual of the plaintiff's judgment lien. Therefore the plaintiff had the superior lien, and was entitled to the affirmative charge, unless the claimant had the right to avail himself of the Lunsford lien, claiming the right to a conventional subrogation upon the theory that he advanced the money to the defendant for the purpose of enabling him to pay the Lunsford mortgage. Whether the claimant was or was not entitled to a subrogation to the rights of Lunsford we need not decide, for, if he were, such a right could only be established and enforced in a court of equity and by appropriate pleading and process as applicable to equity pleading and practice. Subrogation is an equitable doctrine, enforceable alone in a court of equity. It is not recognized or applied by courts of law except as provided by express statute. American Bonding Co. v. Fourth National Bank, 206 Ala. 639, 91 So. 480, and cases cited. It is true that upon the trial of the right of property an equitable title can be shown, but that means an existing one and not one which can only be established and enforced in a court of equity. The trial court erred in admitting the claimant's mortgage in evidence over the plaintiff's objection (Hammond v. White, 214 Ala. 431, 108 So. 347), and in not giving the general charge for the plaintiff, and properly granted the new trial, and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.

On Rehearing.

ANDERSON, C. J. [2] Our attention is called to the case of American Bank v. Turner, 16 Ala. App. 602, 80 So. 176. This case seems not to have been brought to our attention on original consideration, and, being a decision of the Court of Appeals, does not appear to have been presented to this court for review by certiorari. It is sufficient to say that said case is not in accord with the present holding or the case of American Bonding Co. v. Fourth National Bank, 206 Ala. 639, 91 So. 480, and the authorities there cited. Neither does the opinion accurately state section 6039 of the Code of 1907. It says: "Under our statutes, any person holding a claim, either legal or equitable, * * * may institute a claim suit," etc. The statute says the claim may be instituted by a party who claims to own the title, legal or equitable, or a lien paramount, meaning, of course, an existing title or lien and not one which can only be established by proceedings in a court of equity.

[3] Nor does the doctrine that when a statute had been readopted without change, and which had previously received a well-known interpretation by this court, apply to the decisions of an inferior or intermediate court.

The rehearing is denied.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.