(136 So. 833)

## SCHARNAGEL v. QUINN.

8 Div. 973.

Court of Appeals of Alabama.

April 22, 1930.

Rehearing Denied June 17, 1930. Affirmed after Mandate March 24, 1931. Further Rehearing Denied May 19, 1931.

William Stell and W. H. Quillin, both of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

**RICE, J.**

We can see no good purpose to be served by a lengthy opinion by us in this case. Perhaps a brief summary of the facts shown will fortify our decision.

Appellee recovered a judgment, with "waiver of exemptions" as to personal property, against one Lawler, in the law and equity court of Franklin county, on February 22, 1928, a "certificate" of which judgment was, on February 28, 1928, in accordance with the terms of the Code 1923, § 7874, filed for record, and recorded, in the office of the judge of probate of Franklin county. On April 6, 1929, an execution was issued on said judgment, placed in the hands of the sheriff of Franklin county, and, on the same day, executed by him by levying upon the property here involved—certain sacks of "fertilizer." This "fertilizer," as clearly shown by the evidence, had been purchased by Lawler from the Franklin county farm bureau, and was in his possession at the time of the levy. Appellant filed his claim, etc., to the property levied upon, under the terms of Code 1923, § 10375, and, upon the trial before the court, sitting without a jury, from the judgment in which, in appellee's favor, this appeal is taken, offered testimony tending to show that appellant paid the Franklin county farm bureau for the "fertilizer," and took from Lawler a mortgage, or, more specifically, two mortgages, thereon, concurrently with the delivery of same, neither of said mortgages being of record, at the time of the levy of execution, above referred to.

The above states the essential facts in the case. It is our opinion, and we hold, that the trial court correctly rendered judgment in favor of appellee. Rea v. Keller, 215 Ala. 672, 112 So. 211.

The questions raised on the taking of testimony are of a nature unimportant to the decision, and need not be referred to.

The judgment is affirmed.

Affirmed.

**Opinion after Remandment by Supreme Court.**

**PER CURIAM.**

Upon the original submission of this cause in this court, we were of the opinion—erroneously, as it turns out—that the fact that appellant's mortgage, or mortgages, covering the property involved, were not of record, at the time of the levy by the sheriff upon same, under the execution issued upon appellee's judgment, etc., was conclusive of the case against appellant's contention. But the opinion of the Supreme Court has cleared this matter up for us, as it has the litigants.

We come now to re-examine the assignments of error, in the light of the opinion of the Supreme Court remanding the cause.

The case was tried below before the court sitting without a jury.

While it is true, as we stated in our original opinion, that there was testimony "tending to show that appellant paid the Franklin county farm bureau for the 'fertilizer,' and took from Lawler a mortgage, or, more specifically, two mortgages, thereon, concurrently with the delivery of same," etc., yet this testimony was not conclusive. There were tendencies of the evidence, opposed to this view.

The learned trial judge found, in his judgment, that "the said property sued for in this case was the property of C. N. Lawler, before the levy was made by the Sheriff, and is therefore subject to levy by the plaintiff." (Italics ours.)

The last part of the trial court's finding, which we have italicized, would necessarily imply that it found, from the conflicting evidence, that the mortgages from Lawler to appellant, neither of them, were executed "concurrently with the sale, purchase and delivery" of the fertilizer in question—but that they were executed after the said "sale, purchase and delivery"—and at such a length of time afterwards, as to have allowed the lien of appellee's recorded judgment to attach.

A critical study of the evidence does not persuade us that such a finding is unjustified—certainly not "that it is opposed to the great weight of the evidence" in such sort that we would be warranted in reversing the judgment based upon it.

So, according full authority to the decision and opinion of the Supreme Court as appears, we are yet of the opinion, and hold, that the judgment appealed from should be, and is, affirmed.

Affirmed.