171 So. 249

**SMITH et al. v. HESTER et al.**

7 Div. 392.

Supreme Court of Alabama.

Oct. 15, 1936.

Rehearing Denied Dec. 17, 1936.

John D. Bibb and J. W. Hemphill, both of Anniston, for appellants.

Reed & Reed, of Centre, for appellees.

FOSTER, Justice.

This is an original bill in equity to vacate the final settlement of the administration of an estate by decree of the probate court, and to charge the administratrix with an amount alleged to have been fraudulently withheld and concealed.

George W. Smith died in July, 1920, and Effie Smith was appointed administratrix. She made final settlement in May, 1922. This bill was filed in July, 1931, more than nine years after the date of the decree.

It is claimed that one Formby owed deceased $4,000, for which he had given a note payable to him; that immediately after his death, Effie Smith induced Formby to substitute for it a note of similar date and tenor payable to her. She made no report of the note in her inventory and final settlement, but has collected a large part of it, and has sued and has a personal judgment for the balance.

Complainants are the wife and two children of deceased. Effie Smith is another child by a former marriage. Deceased separated from his wife about twenty years before he died, and lived with Effie Smith. The wife and her two children lived in another state during that time.

On the occasion of the settlement, one of the complainants, R. L. Smith, attended the hearing. He claims he inquired if Formby owed the estate, and Effie Smith denied his doing so, but fraudulently concealed the fact that he did. They claim they had no information nor opportunity to know of it, until in April, 1931, Formby told a sister of the complainant widow, who informed her, resulting in this suit. They claim that they did not discover the fraud on account of the active participation and concealment of Effie Smith who perpetrated it, and that they are not barred by limitations or laches under section 8966, Code. Nichols v. Dill, 222 Ala. 455, 132 So. 900; American Bonding Co. v. Fourth National Bank, 206 Ala. 639, 91 So. 480.

The court overruled demurrer to the bill, but denied relief on the facts. Since we agree with the court's finding of facts, on which the decree was predicated, and which is set out in full in it, we need not consider whether the limitation of section 6482, Code, has application, or whether section 8966, Code, has the effect of extending the limitation in section 6482. We have studied the finding of facts by the court in connection with the evidence, and

we think it is correct and is supported by a preponderance of the evidence.

The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.